UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF MAKHPAL KARIBZHANOVA FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:21-MC-00442-KPF |

## DECLARATION OF BAKHYT TUKULOV IN SUPPORT OF MOTION TO VACATE COURT ORDER GRANTING APPLICATION FOR JUDICIAL ASSISTANCE

I, BAKHYT TUKULOV, pursuant to 28 U.S.C. § 1746, declare the following:

1. I am an attorney qualified and admitted to practice law in the Republic of Kazakhstan ("Kazakhstan"). I am a partner at Tukulov & Kassilgov Litigation, located at 77 Kunaev Street, Almaty, Kazakhstan.

2. I am proficient in both writing and speaking English and fully capable of providing this declaration in the English language.

3. I was retained by Mr. Aidan Karibzhanov ("Mr. Karibzhanov") in Kazakhstan to advise him in connection with an action for division of common property in the Medeu District Court of Almaty City in Kazakhstan (the "Medeu District Court"), filed by his ex-wife Ms. Makhpal Karibzhanova (the "Kazakhstan proceeding").

4. I submit this Declaration in support of Mr. Karibzhanov's order to show cause to quash subpoenas and vacate the Court's Order dated June 15, 2021, which granted Ms. Karibzhanova's application for judicial assistance pursuant to 28 U.S.C. § 1782, appointing John W. Moscow ("Mr. Moscow") as Commissioner and granting Mr. Moscow the authority to issue various subpoenas to obtain information that Ms. Karibzhanova claims are for use in the Kazakhstan proceeding.

1

5.      On May 15, 2018, Mr. Karibzhanov and Makhpal Karibzhanova were divorced pursuant to an appeal judgment entered in the Almaty City Court in Kazakhstan, which upheld an earlier decision of the Medeu District Court of Almaty City in Kazakhstan ("Medeu District Court").

6.      The appeal judgment terminating their marriage did not address the issue of division of property.

7.      On April 22, 2021, Ms. Karibzhanova filed a claim in the Medeu District Court, seeking division of property (the "First Claim"), almost three years after the divorce became final.

8.      The Medeu District Court dismissed the First Claim due to improper calculation of a fee owed. On May 21, 2021 she filed an appeal which is still pending.

9.      On May 10, 2021, Ms. Karibzhanova filed another similar claim in the Medeu District Court (the "Second Claim"). The Second Claim was dismissed on May 17, 2021 for failure to sufficiently particularize the claim and relief sought.

10.     On or about May 17, 2021, Ms. Karibzhanova filed yet another claim in the Medeu District Court, which was accepted by the court (the "Third Claim"). A true and correct copy of the Third Claim along with its English translation is attached hereto as Exhibit A. The Third Claim was amended on May 18, 2021. A true and correct copy of the amendment to the Third Claim along with its English translation is attached hereto as Exhibit B. In these most recent filing, Ms. Karibzhanova states that the only property of which she is aware is property that is registered in her name, including an apartment and parking lot, both of which are located in Almaty City, Kazakhstan. She adds the following with respect to the remainder of the marital property:

2

> A huge number of various property items had been acquired over the period of marriage. However, the *Claimant [Ms. Karibzhanova] is not currently aware of how and on whose name such community property was registered, where the property is currently located and by whom it is used or managed.*
>
> It should be noted that the property items were being purchased not only in Kazakhstan, but also in other countries. The Respondent [Mr. Karibzhanov] himself was dealing with all issues related to monetary transactions and execution of documents pertaining to the purchased property. ...
>
> *The information about other property* items to be divided, including the aggregate cost thereof, *should be subpoenaed from the Respondent*, since such information is not known to the Claimant at the moment of filing this claim. *See* Exhibit A at page 2 of 6.

11. In the Third Claim, Ms. Karibzhanova requested the following discovery from the Medeu District Court: "pursuant to Article 73 of the Civil Procedure Code, we ask the court to assist in the collection of evidence both within and outside the Republic of Kazakhstan, and to issue subpoena to obtain information from the Respondent about all immovable and movable property purchased by him during marriage . . . . Such subpoena should cover all marital property to be distributed, which is located either in the Republic of Kazakhstan or in other countries." Exhibit A at page 4 of 6. In Ms. Karibzhanova's amendment to the Third Claim, she explains the need for the Medeu District Court to become involved in discovery, "The particulars of monetary funds on bank accounts, participation in foreign companies, tax returns, etc., constitute a secret protected by law, which may only be disclosed by the court order." Exhibit B at page 3 of 4.

12. On May 27, 2021, MK filed an appeal of the dismissal of her Second Claim which was decided on June 28, 2021. This appeal was granted, and the claim was sent back to the Medeu District Court for a new consideration. On July 12, 2021, the Second Claim was

3

dismissed without prejudice due to the fact that the same claims (both the First Claim and the Third Claim) had been filed by Ms. Karibzhanova in parallel proceedings. Ms. Karibzhanova again appealed this decision, and this appeal is still pending.

13. On June 9, 2021, a preliminary hearing was held on the Third Claim. On June 23, 2021 the court held a second hearing on the Third Claim at which the court dismissed Ms. Karibzhanova's claim without prejudice for two reasons: (i) failure to observe an out-of-court dispute resolution procedure before filing the claim to court and (ii) that an identical claim is being reviewed by another court (Almaty City Court considering MK's earlier appeal of the First Claim). On July 13, 2021, Ms. Karibzhanova appealed this decision, and this appeal is pending.

14. To summarize, the three claims filed by Ms. Karibzhanova have been dismissed due to various defects. Ms. Karibzhanova appealed all three dismissals, and two of those appeals are still pending and one appeal (with regards to the second claim) was granted and the matter was sent to the court of first instance for reconsideration but was then dismissed again which dismissal has again been appealed by MK, this appeal still pending.

15. Because Ms. Karibzhanova's claims have been dismissed, the Medeu District Court did not make a ruling on Ms. Karibzhanova's discovery request. Should Ms. Karibzhanova be successful in appealing the dismissal, the Medeu District Court will render a decision on her discovery request.

16. I have read the letter dated June 4, 2021 to this Court from John Moscow in which he suggests that the dismissals of Ms. Karibzhanova's claims were unusual and due to the influence allegedly wields in Kazakhstan. Such dismissals were not due to any influence that Mr. Karibzhanov allegedly has with the courts in Kazakhstan.

17. The dismissals of Ms. Karibzhanova's claims were due to defects in her pleadings and what I view as the improper repeated filing of claims while prior claims were under appeal. Dismissals of claims by the Kazakhstan courts for defects in pleadings are not unusual.

18. I am not aware of any influence that Mr. Karibzhanov has over judicial proceedings in Kazakhstan and do not believe that he has any influence on decisions made by the courts in Kazakhstan generally or in the claims brought by Ms. Karibzhanova in particular.

19. I have reviewed the audiotape of the aforementioned June 9, 2021 hearing in the Medeu District Court. At that hearing, the Medeu District Court recited Mr. Karibzhanov's residential address aloud and instructed that any service is to effected at that address. Thus, since at least as early as June 9, 2021, Ms. Karibzhanova's lawyers have had notice of Mr. Karibzhanova's address for service.

20. At no time did Ms. Karibzhanova or her lawyers inform the Medeu District Court or me or my firm or my client, about the existence or status of her 28 U.S.C. §1782 Application to this Court.

21. At no time did Ms. Karibzhanova or her lawyers serve or provide me or my firm or my client with subpoenas issued pursuant to this Court's order granting Ms. Karibzhanova's 28 U.S.C. §1782 Application.

22. I have reviewed the filings in the Kazakhstan proceeding and am fully familiar with the obstacles that Ms. Karibzhanova faces in seeking to produce evidence in the court in Kazakhstan. The law in Kazakhstan sets a high threshold for obtaining a court order requiring production of evidence:

a.  Kazakhstan Code of Civil Procedure ("CPC") Article 73.4 provides, "If a party or other person to the proceeding finds it difficult to present evidence, a district court at their request shall assist them in the obtaining of evidence."

b.  CPC Article 73.5 sets forth the four requirements for making such a request: "Motion to assist in the production of evidence must state the evidence, circumstances relevant to the case which such evidence may prove or disprove, reasons which prevent the party from obtaining such evidence, and its location."

c.  Normative Resolution of the Kazakhstan Supreme Court, dated 13 December 2001, titled "On Preparation of Civil Cases to Trial," section 17, provides, in relevant part, as follows:

> Court may secure or assist a party in the production of evidence located in a foreign country by way of issuing an order. A foreign court performs such order according to the Convention on Legal Assistance and Legal Relations in Civil, Family, and Criminal Cases acceded to by the Republic of Kazakhstan on 22 January 1993 in Minsk [referring to a former USSR countries' treaty on mutual legal assistance] or *according to the terms of other international treaties entered into and ratified by the Republic of Kazakhstan.* (Emphasis added)

d.  Mr. Yevgeniy Tikhonov, attorney for Ms. Makhpal Karibzhanova in the Kazakhstan proceeding, in the attorney declaration included in MK's application, stated that CPC Article 476 "will permit the introduction of evidence obtained in other jurisdictions on the basis of reciprocity . . . including evidence pertaining to the identification and valuation of assets located in such jurisdictions." This statement is misleading and does not correctly reflect the meaning of Article 476.

e.  As Mr. Tikhonov did not specify to which section of Article 476 he referred when he made his statement, below is translation of Article 476 for the court's reference.

Article 476. Requests for Legal Assistance

1. Courts of the Republic of Kazakhstan shall provide legal assistance within the scope stipulated in legislation and (or) international treaties ratified by the Republic of Kazakhstan.
Provision of legal assistance includes delivery and forwarding of notices and other documents, as well as other procedural actions, in particular, hearing of parties, witnesses, examination, on-site inspection, other procedural actions, implementation of which within the framework of legal assistance is provided by law or international treaty ratified by the Republic of Kazakhstan, or on the basis of reciprocity.
2. Courts of the Republic of Kazakhstan shall execute requests from foreign courts to execute specific procedural actions submitted to them in the order prescribed by law or international treaty ratified by the Republic of Kazakhstan, or on a basis of reciprocity, except in cases where:
1) execution of a request may damage the sovereignty of the Republic of Kazakhstan or threaten the security of the Republic of Kazakhstan;
2) the court is not competent to execute the request;
3) in other cases stipulated by international treaties of the Republic of Kazakhstan.
3. Requests of foreign courts on implementation of certain procedural actions shall be executed in the order prescribed by the Code, unless otherwise provided for by international treaties of the Republic of Kazakhstan.
4. Courts of the Republic of Kazakhstan may address to foreign courts with requests on implementation of procedural actions.
5. Procedure for interaction of courts of the Republic of Kazakhstan with foreign courts shall be determined by law and international treaties ratified by the Republic of Kazakhstan, or on the basis of reciprocity.
6. Instruction detailing application of the legislation on legal assistance provided by courts of the Republic of Kazakhstan and requests for legal assistance from courts of foreign states shall be approved by the entity in charge of organizational and technical support of courts.

    f. Article 476 applies to requests for legal assistance from the Kazakh courts to foreign courts and vice versa. It does not apply to a situation where a party to the Kazakhstan proceeding seeks to submit foreign evidence in such Kazakhstan proceeding without the court's permission. As explained below, presentation of such foreign evidence under Article 476 requires Kazakh court's permission.

    g. The commentary to CPC Article 476 provides in relevant part that "general rules of this Code applicable to the procedure of execution of a court's request and the procedure of its preparation (CPC Articles 74-75) shall equally apply to requests issued by Kazakhstani courts to the court of a foreign country."

    h. CPC Article 74.2 provides that a Kazakh court may request a foreign court to provide legal assistance "at its own initiative or if it grants motion of a party to the proceeding to secure (collect, examine) evidence." CPC Article 74.3 indicates that to request legal assistance the Kazakh court must issue a ruling and such ruling must briefly state, among other things, circumstances which must be identified and evidence which the court executing the request must collect. Such ruling has binding effect upon the court to which it is addressed.

    i. Provisions of Kazakh law referred to above make it clear that CPC Article 476 applies to requests from Kazakh courts to foreign courts for legal assistance and vice versa. Kazakh courts may request legal assistance from the court in the United States, if the court has so resolved at its own initiative or if it granted Ms. Karibzhanova's motion to secure evidence. None of this has occurred in the Kazakhstan proceeding. CPC Article 476 does not allow submission of foreign obtained evidence in the Kazakhstan proceeding without the Kazakh court's permission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2021

_____
BAKHYT TUKULOV