# EXHIBIT A

В Медеуский районный суд
города Алматы

**Истец:** Карибжанова Махпал Канапиевна
дата рождения: 13 ноября 1974 года
место жительства: г. Нью-Йорк, улица
Пятая Авеню, дом 212, апартаменты 3Б
ИИН 741113400047
абонентский номер сотовой связи:
+1 917 420 1778
электронный адрес: m.karibjanova@gmail.com

**Представитель:** Тихонов Евгений Сергеевич
адвокат АГКА
адрес: город Алматы, ул. Гоголя, 86, офис 517
сот. тел. + 7 701 766 6766
email: Yevgeniy.tikhonov@dynasty.kz

**Ответчик:** Карибжанов Айдан Табониязович
дата рождения: 10 октября 1971 года
последнее известное место жительства:
г. Алматы, ул. Оспанова, д. 85
ИИН 711010300312
абонентский номер сотовой связи: +7 705 111 4040
электронный адрес: karibjanov@gmail.com

Цена иска: 55 714 123 тенге

## ИСКОВОЕ ЗАЯВЛЕНИЕ
(о разделе общего имущества супругов)

01 ноября 1997 года между Карибжановой Махпал Канапиевной (далее по тексту Истец) и Карибжановым Айданом Табониязовичем (далее по тексту Ответчик) был зарегистрирован брак.

Брак между Истцом и Ответчиком был расторгнут на основании решения Медеуского районного суда города Алматы, вступившего в законную силу 15 мая 2018 года, что подтверждается свидетельством о расторжении брака от 28 мая 2018 года. Актовая запись о расторжении брака произведена отделом регистрации актов гражданского состояния аппарата Акима Медеуского района г. Алматы № 60-559-18-0000304.

Заявление о разделе совместно нажитого имущества Истцом ранее не подавалось, поскольку при разрешении вопроса о расторжении брака Ответчик обещал урегулировать этот вопрос путём заключения соответствующего мирового соглашения о разделе общего имущества, но этого не сделал.

За период совместной жизни было приобретено большое количество различного имущества, но как и на кого оформлялось это общее имущество, где находится и кем в настоящее время используется и управляется, Истец информацией в данный момент не располагает.

При этом следует обратить внимание на то, что имущество приобреталось не только в Казахстане, но и в других странах. Всеми вопросами, связанными с денежными транзакциями и оформлением документов на приобретаемое имущество, занимался лично Ответчик, при этом брачный договор между Истцом и Ответчиком не заключался.

Истец осведомлен лишь о том имуществе, которое в настоящий момент оформлено лично на него и вопрос о разделе которого может подниматься со стороны Ответчика, а именно:

1) Квартира, расположенная по адресу: город Алматы, пр. Назарбаева, 301, кв. 90 оформленная на Карибжанову М.К. Приобретена по договору купли-продажи 21.11.2013 года. Согласно отчету об оценке данного имущества, его стоимость составляет 52 782 021 тенге.

2) Парковочное место №1-64 в доме по адресу: город Алматы, пр. Назарбаева, 301, оформленное на Карибжанову М.К. Приобретено по договору купли-продажи 21.11.2013 года. Согласно отчету об оценке данного имущества его стоимость составляет 2 932 102 тенге.

Таким образом, стоимость того имущества, которое в настоящий момент оформлено на Истца и о котором между сторонами может быть спор, составляет 55 714 123 тенге. Информацию о другом имуществе, подлежащем разделу, а также его общей стоимости следует истребовать у Ответчика, так как Истцу на момент предъявления иска такая информация не известна.

Обращаем особое внимание, что указанный перечень совместно нажитого имущества не является исчерпывающим, однако по техническим и организационным причинам в настоящее время подача данного искового заявления возможна только в пределах указанных объектов, поскольку информации об имуществе, оформленном на Ответчика у Истца не имеется.

Подача настоящего искового заявления не означает отказ Истца от права требования определения и разделения долей бывших супругов в других объектах совместно нажитого имущества и активах. Истец оставляет за собой права подать дополнение к настоящему иску по мере получения информации об имуществе, оформленном на Ответчика, которое находится как на территории Республики Казахстан, так и в других странах и является общим имуществом и должно быть разделено, как совместно нажитое.

В соответствии со статьей 223 Гражданского кодекса имущество, нажитое супругами во время брака, является их совместной собственностью, если

договором между ними не предусмотрено, что это имущество является долевой собственностью супругов либо принадлежит одному или в соответствующих частях каждому из супругов на праве собственности.

В соответствии со статьёй 32 Кодекса Республики Казахстан «О браке (супружестве) и семье» законным режимом имущества супругов является режим их общей совместной собственности, если брачным договором не установлено иное.

В соответствии со статьёй 33 Кодекса Республики Казахстан «О браке (супружестве) и семье» имущество, нажитое супругами во время брака (супружества), является их общей совместной собственностью.

К имуществу, нажитому супругами во время брака (супружества), относятся суммы доходов каждого из супругов от трудовой деятельности, предпринимательской деятельности и результатов интеллектуальной деятельности, суммы доходов с общего имущества супругов и раздельного имущества каждого из супругов, полученные ими пенсии, пособия, пенсионные накопления, за исключением единовременных пенсионных выплат из единого накопительного пенсионного фонда в целях улучшения жилищных условий и (или) оплаты лечения, а также иные денежные выплаты, не имеющие специального целевого назначения (суммы материальной помощи, суммы, выплаченные в возмещение ущерба в связи с утратой трудоспособности, вследствие увечья либо иного повреждения здоровья, и другие).

Общим имуществом супругов являются также приобретенные за счет суммы общих доходов супругов движимое и недвижимое имущество, ценные бумаги, паи, вклады, доли в уставном капитале, внесенные в кредитные организации или в иные организации, и любое другое нажитое супругами в период брака (супружества) имущество независимо от того, на чье имя в семье оно приобретено либо кем из супругов внесены денежные средства, в том числе имущество, приобретенное за счет единовременных пенсионных выплат из единого накопительного пенсионного фонда в целях улучшения жилищных условий.

Право на общее имущество супругов принадлежит также супругу, который в период брака (супружества) осуществлял ведение домашнего хозяйства, уход за детьми или по другим уважительным причинам не имел самостоятельного дохода.

В соответствии со статьёй 38 Кодекса Республики Казахстан «О браке (супружестве) и семье» раздел общего имущества супругов может быть произведен как в период брака (супружества), так и после его расторжения по требованию любого из супругов.

В случае спора раздел общего имущества супругов, а также определение долей супругов в этом имуществе производятся в судебном порядке.

В соответствии с требованиями статьи 38 Кодекса Республики Казахстан «О браке (супружестве) и семье» при разделе общего имущества супругов и определении долей в этом имуществе доли каждого из супругов признаются равными, если иное не предусмотрено договором между ними.

В соответствии с п. 14 и 16 Нормативного постановления Верховного суда от 28 апреля 2000 года № 5 «О применении судами законодательства при рассмотрении дел о расторжении брака» установлено, что в соответствии со статьёй 223 Гражданского кодекса общей совместной собственностью супругов, подлежащей разделу является любое нажитое во время брака движимое и недвижимое имущество, которое в силу статей 115, 116, п. 2 статьи 191 Гражданского кодекса может быть объектом права собственности граждан, независимо от того, на чье имя из супругов оно приобретено либо кем из супругов внесены деньги.

Истец предпринимала попытки урегулировать вопрос раздела имущества с бывшим супругом, но Ответчик от контактов уклоняется и избегает обсуждение данного вопроса. Учитывая то, что адрес фактического проживания Ответчика Истцу не известен, направить ему официальное письмо с предложением решить вопрос раздела имущества без суда не представляется возможным.

Таким образом, имеющийся между Истцом и Ответчиком спор о разделе совместно нажитого имущества невозможно урегулировать без обращения в суд.

Кроме того, в настоящий момент Истцу стало известно, что Ответчик сам 28 декабря 2018 году инициировал начало судебного процесса о разделе имущества и предъявлял соответствующий иск в Медеуский районный суд города Алматы, который был принят судом к рассмотрению, но затем Ответчик до начала рассмотрения дела по существу сам же свой иск отозвал по неизвестным нам причинам.

В указанном иске Ответчик ставил вопрос о разделе вышеуказанных объектов недвижимости, но при этом имущества, оформленного на его имя в своём иске не указал. О существовании иска от 28 декабря 2018 года, поданного Ответчиком и о его рассмотрение Медеуским районным судом в январе-феврале 2019 года, Истец не был уведомлен и соответственно, не располагал никакой информацией до настоящего момента и узнал об этом только в процессе подготовки своего иска о разделе имущества.

Истец считает, что все реальные шансы достигнуть мирового соглашения были использованы, возможность досудебного урегулирования спора утрачена и ни на какие внесудебные примирительные процедуры в настоящий момент Истец не согласен.

Учитывая то, что в настоящий момент Ответчик добровольно не желает представить исчерпывающую информацию о том имуществе, которое подлежит разделу в связи с расторжением брака, а также предпринимает попытки его скрыть, руководствуясь статьёй 73 Гражданского процессуального кодекса

просим суд оказать содействие в сборе доказательств, как на территории Казахстана, так и в других странах, а также истребовать у Ответчика данные обо всём недвижимом и движимом имуществе, которое было приобретено им в период брака, а также о том имуществе, которое было приобретено позже за счёт денег, являющихся общей совместной собственностью, либо за счёт денег, полученных от реализации того имущества, которое являлось общей совместной собственностью. Данное требование распространяется на всё совместное имущество подлежащее распределению, которое находится как на территории Республики Казахстан, так и в других странах.

Также просим суд учесть, что на момент предъявления иска о разделе имущества у Истца отсутствует точная информация обо всём подлежащем разделу имуществе, и как следствие о его стоимости, в связи с чем Истец при подаче иска оплачивает государственную пошлину в размере 1% от стоимости того имущества, о котором ему достоверно известно в настоящий момент.

В соответствии п. 1 статьи 29 Гражданского процессуального кодекса иск предъявляется в суд по месту жительства ответчика.

В соответствии п. 1 статьи 29 Гражданского процессуального кодекса иск к ответчику, место жительства которого неизвестно либо не имеющему места жительства в Республике Казахстан, может быть предъявлен по месту нахождения его недвижимого имущества или по последнему известному месту его жительства.

Последним известным местом жительства Ответчика является адрес: город Алматы, ул. Оспанова, 85. Именно этот адрес был указан им в его исковом заявлении о расторжении брака, поданном в Медеуский районный суд и исковом заявлении о разделе имущества. Где Ответчик в настоящее время проживает Истцу неизвестно.

Отдельно следует отметить, что 22 апреля 2021 года Истец обратилась в Медеуский районный суд города Алматы с аналогичным исковым заявлением, оплатив при подаче иска государственную пошлину в размере 570 000 тенге.

6 мая 2021 года определением Медеуского районного суда исковое заявление было возвращено в связи с тем, что расчёт размера государственной пошлины был произведён на основании отчёта об оценке имущества, представленного Ответчиком при подаче им своего иска о разделе этого же имущества, который суд признал недопустимым доказательством рыночной стоимости имущества.

В настоящий момент проведена оценка данных объектов недвижимости и определена их рыночная стоимость. Согласно отчёту об оценке № 228 от 10 мая 2021 года рыночная стоимость квартиры составляет 52 782 021 тенге, а паркинга 2 932 102 тенге (общая стоимость 55 714 123 тенге). Таким образом, следует

отметить, что даже при подаче первого иска государственная пошлина была оплачена со значительным превышением суммы.

Ранее при подаче иска о разделе имущества Ответчиком судьёй Медеуского районного суда города Алматы Умбеталиевой К.М. была проведена процедура примирения, в результате которой стороны не достигли соглашения об урегулировании спора.

Затем при подаче иска о разделе имущества Ответчиком судьёй Медеуского районного суда города Алматы Кусаиновой А.К. была проведена процедура примирения, в результате которой стороны не достигли соглашения об урегулировании спора.

На основании изложенного, руководствуясь статьями 37 и 38 Кодекса Республики Казахстан «О браке (супружестве) и семье», статьями 104, 148-149 Гражданского процессуального кодекса Республики Казахстан, ПРОСИМ:

**Исковое заявление Карибжановой Махпал Канапиевны к Карибжанову Айдану Табонизовичу о разделе общего имущества супругов удовлетворить и произвести раздел общего имущества супругов.**

Взыскать с Ответчика в пользу Истца понесённые по делу судебные расходы.

Перечень прилагаемых к исковому заявлению документов:
1. Копии искового заявления;
2. Квитанция об оплате госпошлины от 22 апреля 2021 года;
3. Квитанция об оплате госпошлины от 10 мая 2021 года;
4. Копия свидетельства о браке от 1 ноября 1997 года;
5. Копия свидетельства о расторжении брака от 28 мая 2018 года;
6. Копия паспорта истца;
7. Копия решения Медеуского суда от 23 января 2018 года;
8. Копия постановления Алматинского городского суда от 15 мая 2018 года;
9. Копия иска Карибжанова А.Т.;
10. Копия определения о принятии иска Карибжанова А. от 8 января 2019 года;
11. Копия определения о возврате иска Карибжанова А. от 11 февраля 2019 года;
12. Доверенность на представителя от 1 апреля 2021 года;
13. Доверенность на представителя от 9 апреля 2021 года;
14. Уведомление о защите № 104 от 21 марта 2021 года;
15. Отчет об оценке квартиры и паркинга № 228 от 10 мая 2021 года;
16. Определение Медеуского районного суда от 6 мая 2021 года;
17. Договор купли-продажи квартиры от 21 ноября 2013 года;
18. Договор купли-продажи паркинга от 21 ноября 2013 года;
19. Справка о проведении примирительной процедуры.

15 мая 2021 года

От имени и в интересах Карибжановой М.К.,
Адвокат                                                      Е. Тихонов

**To Medeu District Court
of Almaty city**

**Claimant: Makhpal Kanapiyevna Karibzhanova**
date of birth: 13 November 1974
place of residence: Apartment 3B,
212 Fifth Avenue, New York
IIN 741113400047
mobile number:
+1 917 420 1778
e-mail: m.karibjanova@gmail.com

**Representative: Yevgeny Sergeevich Tikhonov**
Attorney of the Almaty City Bar Association
address: Office 517, 86 Gogol Street, Almaty city
mob. +7 701 766 6766
e-mail: Yevgeniy.tikhonov@dynasty.kz

**Respondent: Aidan Taboniyazovich Karibzhanov**
date of birth: 10 October 1971
latest known place of residence:
85 Ospanov Street, Almaty city
IIN 711010300312
mobile number: +7 705 111 4040
e-mail: karibjanov@gmail.com

Amount claimed: KZT 55,714,123

### STATEMENT OF CLAIM
### (for the division of marital property)

On 01 November 1997, the marriage between Makhpal Karibzhanova (the "Claimant") and Aidan Karibzhanov (the "Respondent") was registered.

The marriage between the Claimant and the Respondent was dissolved by a decision of the Medeu District Court of Almaty city, which became effective on 15 May 2018, as confirmed by the divorce certificate dated 28 May 2018. Marriage dissolution record under No. 60-559-18-0000304 was made by the Civil Registry Office of the Medeu District Akim's Administration, Almaty city.

The Claimant has not previously filed a claim for the division of marital property, because at the time of divorce, the Respondent promised to resolve this matter by entering into a settlement agreement on division of marital property, but failed to do so.

A huge number of various property items had been acquired over the period of marriage. However, the Claimant is not currently aware of how and on whose name such community property was registered, where the property is currently located and by whom it is used or managed.

It should be noted that the property items were being purchased not only in Kazakhstan, but also in other countries. The Respondent himself was dealing with all issues related to monetary transactions and execution of documents pertaining to the purchased property. No marital contract was made between the Claimant and the Respondent.

The Claimant is only aware of the property which is registered directly in her name and the division of which may be claimed by the Respondent, in particular:

1) Apartment located at Apartment 90, 301 Nazarbayev Avenue, Almaty city, registered in the name of Karibzhanova M. K. It was acquired under the sale and purchase agreement dated 21 November 2013. According to the property appraisal report, the value of this property is KZT 52,782,021.

2) Parking lot No. 1-64 in the house located at 301, Nazarbayev Avenue, Almaty city, registered in the name of Karibzhanova M. K. It was acquired under the sale and purchase agreement dated 21 November 2013. According to the property appraisal report, the value of this property is KZT 2,932,102.

Therefore, the value of the property, which is currently registered in the name of the Claimant and may become disputable between the parties, is KZT 55,714,123. The information about other property items to be divided, including the aggregate cost thereof, should be subpoenaed from the Respondent, since such information is not known to the Claimant at the moment of filing this claim.

Particular emphasis is placed upon the fact that the above list of marital property is not exhaustive. Nonetheless, due to some technical and organizational reasons, only the above items of property may currently be claimed under this statement of claim, because the Claimant is unaware of property registered in the name of the Respondent.

The filing of this statement of claim does not imply the Claimant's waiver of her right to claim for the identification and division of the former spouses' shares in other items of marital property and assets. The Claimant reserves the right to file an amended claim to this statement of claim as new information becomes available regarding any property registered in the name of the Respondent and located either in the Republic of Kazakhstan or in other countries, which constitutes the marital property and is therefore subject to division.

In accordance with Article 223 of the Civil Code, property acquired by spouses during their marriage shall constitute their community property, unless the spouses agreed that such property is in their shared ownership or owned only by one of them, or to each of the spouses in respective shares.

Article 32 of the Code of the Republic of Kazakhstan "On Marriage (Matrimony) and Family" provides that a regime of joint property shall be the legitimate regime for property of spouses, unless a marriage contract provides otherwise.

Under Article 33 of the Code of the Republic of Kazakhstan "On Marriage (Matrimony) and Family", property acquired by spouses during their marriage (matrimony) shall be their joint property.

Property acquired by spouses during their marriage (matrimony) includes the amounts of revenues of each of the spouses from their labor activity, entrepreneurship or results of intellectual activity, the amounts of revenues from the community property of the spouses and separate property of each of the spouses, pensions, allowances, pension savings paid out to them, except for one-time pension payouts from the Unified Pension Savings Fund for the purpose of improvement of housing conditions and/or payment for medical treatment, and also other monetary payments without the specific intended purpose (amounts of financial aid, amounts paid as compensation for damage due to the disablement results from injury or any other harm to health, etc.).

The marital property includes also movable or immovable property purchased out of the spouses' common revenues, securities, units, deposits, interest units in charter capitals invested in credit organizations or other entities, and any other property acquired by the spouses during marriage (matrimony), notwithstanding in whose name such property was acquired or who of the spouses made payment, including the property acquired out of one-time pensions payouts from the Unified Pension Savings Fund for purposes of improving living conditions.

The right to the community property has also a spouse who during marriage (matrimony) was engaged in housekeeping, childcare or had no independent income due to other good reasons.

In accordance with Article 38 of the Code of the Republic of Kazakhstan "On Marriage (Matrimony) and Family", the division of community property may be made both during marriage (matrimony) and after dissolution thereof by demand of either of the spouses.

In case of a dispute, the division of the marital property, including the determination of spouses' shares therein, is made in a judicial proceeding.

Article 38 of the Code of the Republic of Kazakhstan "On Marriage (Matrimony) and Family" requires that, when dividing the marital property or determining shares in such property, the spouses shall be deemed to have equal shares, unless they agreed otherwise.

Clauses 14 and 16 of Regulatory Resolution No. 5 of the Supreme Court dated 28 April 2000 "On the Application of Laws by the Courts When Hearing the Divorce Cases" establish that, in accordance with Article 223 of the Civil Code, the marital property to be divided includes all movable and immovable property acquired during marriage, which by virtue of Articles 115, 116, 191.2 of the Civil Code may be an object of title of citizens, notwithstanding in whose name of the spouses it was acquired or who of the spouses paid money therefor.

The Claimant attempted to settle the property division issue with the former spouse, however, the Respondent evades contacts and avoids discussing the issue. Given that the actual address of residence of the Respondent is not known to the Claimant, it appears not possible to send an official letter to the Respondent proposing to settle the property division issue out of court.

Thus, the dispute between the Claimant and the Respondent concerning the division of their marital property may not be resolved without recourse to legal proceedings.

Furthermore, the Claimant has become aware that on 28 December 2018, the Respondent himself initiated proceedings for the division of property and filed a respective claim with the Medeu District Court of Almaty city, which claim was admitted by the court for examination, but the Respondent then withdrew his claim for unknown reasons prior to the commencement of proceedings.

In that claim, the Respondent sought division of the above stated items of property, but did not specify any property registered in his name. The Claimant was neither notified of the claim dated 28 December 2018 filed by the Respondent, nor of the examination of that claim by the Medeu District Court in January-February 2019. Such facts have become known to the Claimant only in the course of preparation of her claim for the division of property, and, consequently, she has not possessed any information up until now.

The Claimant believes that all real chances to reach amicable resolution have been utilized, the possibility of the pre-court settlement of the dispute has been lost, and she does not now agree to any mediation.

Given that the Respondent does not wish to voluntarily provide the exhaustive information about property which should be subject to division due to the dissolution of marriage, and attempted to conceal such property, and, pursuant to Article 73 of the Civil Procedure Code, we ask the court to assist in the collection of evidence both within and outside the Republic of Kazakhstan, and to issue subpoena to obtain information from the Respondent about all immovable and movable property purchased by him during marriage, including the property purchased out of money that were their community property or out of proceeds from the sale of the property which was their community property. Such subpoena should cover all marital property to be distributed, which is located either in the Republic of Kazakhstan or in other countries.

We also note, that at the time of filing this claim for the division of property, the Claimant does not have the precise information about all property which is subject to division and, consequently, the cost thereof. Therefore, the Claimant pays the state filing fee at 1% of the cost of the property which is currently known to the Claimant for a fact.

In accordance with Article 29.1 of the Civil Procedure Code, a claim shall be filed with a court at the place of residence of a respondent.

In accordance with Article 29.1 of the Civil Procedure Code, a claim against a respondent, whose place of residence is unknown or who has no place of residence in the Republic of Kazakhstan, may be filed at the place of location of the respondent's immovable property or at his/her latest known place of residence.

The latest known place of residence of the Respondent is 85 Ospanov Street, City of Almaty. This is the address which was specified by him in his statement of claim for the divorce filed with the Medeu District Court and in the statement of claim for the division of property. The Claimant does not know where the Respondent currently lives.

Separately, on 22 April 2021, the Claimant filed a similar statement of claim with the Medeu District Court of Almaty city having paid the state filing fee of KZT 570,000.

On 6 May 2021, the Medeu District Court ruled to return the statement of claim on the grounds that the calculation of the state fee was made on the basis of the property appraisal report submitted by the Respondent at the time of filing his claim for the division of the same property, which report was held by the court as inadmissible evidence of the property market price.

By now, the property items of concern have been appraised and their value has been determined. According to Appraisal Report No. 228 dated 10 May 2021, the market value of the apartment is KZT 52,782,021 and the parking lost KZT 2,932,102 (constituting in aggregate KZT 55,714,123). Thus, we note that even at the time of the first filing, the state fee was significantly overpaid.

Earlier, upon filing a property division claim by the Respondent, Judge Umbetaliyeva of the Medeu District Court of Almaty city conducted the mediation procedure, following which the parties did not reach an agreement on the dispute settlement.

Thereafter, upon filing a property division claim by the Respondent, Judge Kussainova of the Medeu District Court of Almaty city conducted the mediation procedure, following which the parties did not reach an agreement on the dispute settlement.

On the basis of the foregoing and in accordance with Articles 37 and 38 of the Code of the Republic of Kazakhstan "On Marriage (Matrimony) and Family", Articles 104, 148 to 149 of the Civil Procedure Code of the Republic of Kazakhstan, WE ASK TO:

**Uphold the statement of claim of Makhpal Karibzhanova against Aidan Karibzhanov for the division of their marital property and divide the marital property.**

**Collect from the Respondent the legal costs incurred by the Claimant in this case.**

*A list of Annexes attached to the Statement of Claim:*

1. *A copy of the Statement of Claim;*
2. *State duty payment receipt dated 22 April 2021;*
3. *State duty payment receipt dated 10 May 2021;*

4. *A copy of the Marriage Certificate dated 1 November 1997;*
5. *A copy of the Divorce Certificate dated 28 May 2018;*
6. *A copy of the Claimant's Passport;*
7. *A copy of the Decision of the Medeu Court dated 23 January 2018;*
8. *A copy of the Order of the Almaty City Court dated 15 May 2018;*
9. *A copy of the claim of Mr Karibzhanov A.*
10. *A copy of the court ruling to accept the claim of Mr Karibzhanov A. dated 8 January 2019;*
11. *A copy of the court ruling to return the claim of Mr Karibzhanov A. dated 11 February 2019;*
12. *Power of Attorney in the name of the representative dated 1 April 2021;*
13. *Power of Attorney in the name of the representative dated 9 April 2021;*
14. *Notice of Defense No. 104 dated 21 March 2021;*
15. *Appraisal Report No. 224 in respect of the apartment and parking dated 10 May 2021;*
16. *Ruling of the Medeu District Court dated 6 May 2021;*
17. *Apartment Sale and Purchase Agreement dated 21 November 2013;*
18. *Parking Sale and Purchase Agreement dated 21 November 2013;*
19. *Statement of Mediation Procedure*

15 May 2021

**For and on behalf of Ms Karibzhanova M.**

**Attorney**  <Signature>  Y. Tikhonov