# EXHIBIT B

В Медеуский районный суд
города Алматы

**Истец:** Карибжанова Махпал Канапиевна
дата рождения: 13 ноября 1974 года
место жительства: г. Нью Йорк, улица Пятая
Авеню, дом 212, апартаменты 3Б
ИИН 741113400047
абонентский номер сотовой связи:
+1 917 420 1778
электронный адрес: m.karibjanova@gmail.com

**Представитель:** Тихонов Евгений Сергеевич
адвокат АГКА
адрес: город Алматы, ул. Гоголя, 86, офис 517
сот. тел. + 7 701 766 6766
email: Yevgeniy.tikhonov@dynasty.kz

**Ответчик:** Карибжанов Айдан Табониязович
дата рождения: 10 октября 1971 года
последнее известное место жительства:
г. Алматы, ул. Оспанова, д. 85
ИИН 711010300312
абонентский номер сотовой связи: +7 705 111 4040
электронный адрес: karibjanov@gmail.com

Цена иска: 55 714 123 тенге

## ДОПОЛНЕНИЕ
## К ИСКОВОМУ ЗАЯВЛЕНИЮ
(о разделе общего имущества супругов)

Сегодня в Медеуский районный суд города Алматы поступило поданное мной исковое заявление Карибжановой Махпал Канапиевны (далее по тексту Истец) к Карибжанову Айдану Табониязовичу (далее по тексту Ответчик) о разделе общего имущества супругов.

Ранее аналогичное заявление дважды подавалось в Медеуский районный суд города Алматы, но также дважды возвращалось судьей Молдабаевым Д.

Первый раз оно было возвращено определением от 6 мая 2021 года, в котором в качестве основания для возврата иска было указано на то, что в исковом заявлении сделана ссылка на отчёт об оценке движимого имущества от 26 декабря 2018 года и в связи с тем, что с момента его составления прошло более 6 месяцев судья Молдабаев Д. усомнился в точности определения рыночной стоимости имущества, которое указано в исковом заявлении и вернул иск.

Страница 1 из 4

10 мая 2021 года мной во второй раз было подано точно такое же по содержанию исковое заявление, к которому был приложен Отчёт об оценке имущества от 10 мая 2021 года.

17 мая 2021 года судья Молдабаев Д. во второй раз вернул исковое заявление, но теперь указал уже другое основание, а именно то, что «*истцом не конкретизированы исковые требования, истец в резолютивной части заявления не указывает какое именно имущество подлежит разделу и каким образом просит произвести раздел*»

В этой связи следует разъяснить по какой причине нами выбрана именно такая формулировка исковых требований.

<u>Требования были сформулированы следующим образом:</u>

«**Исковое заявление Карибжановой Махпал Канапиевны к Карибжанову Айдану Табонизовичу о разделе общего имущества супругов удовлетворить и произвести раздел общего имущества супругов.**
Взыскать с Ответчика в пользу Истца понесённые по делу судебные расходы».

<u>В тексте самого иска было указано следующее:</u>

«*За период совместной жизни было приобретено большое количество различного имущества, но как и на кого оформлялось это общее имущество, где находится и кем в настоящее время используется и управляется, Истец информацией в данный момент не располагает.*

*При этом следует обратить внимание на то, что имущество приобреталось не только в Казахстане, но и в других странах. Всеми вопросами, связанными с денежными транзакциями и оформлением документов на приобретаемое имущество, занимался лично Ответчик*

**Информацию о другом имуществе**, *подлежащем разделу, а также его общей стоимости* **следует истребовать у Ответчика**, *так как Истцу на момент предъявления иска такая информация не известна*».

<u>А также содержалось ходатайство:</u>

«*Учитывая то, что в настоящий момент Ответчик добровольно не желает представить исчерпывающую информацию о том имуществе, которое подлежит разделу в связи с расторжением брака, а также предпринимает попытки его скрыть, руководствуясь статьёй 73 Гражданского процессуального кодекса просим суд оказать содействие в сборе доказательств, как на территории Казахстана, так и в других странах, а также истребовать у Ответчика данные обо всём недвижимом и движимом имуществе, которое было приобретено им в период брака, а также о том имуществе, которое было приобретено позже за счет денег, являющихся общей совместной собственностью, либо за счет денег, полученных от реализации того имущества, которое являлось общей совместной собственностью. Данное требование распространяется на все совместное*

имущество подлежащее распределению, которое находится как на территории Республики Казахстан, так и в других странах».

Очень важно отметить, что Истец в силу ограничений, установленных законодательством Республики Казахстан, не имеет возможности самостоятельно проводить поиск активов, принадлежащих Ответчику.

Данные о денежных средствах, находящихся на расчётных счетах в банках, сведения об участиях в иностранных компаниях, налоговые декларации и т.д., составляют тайну, которая охраняется законом и может быть раскрыта только по запросу суда.

В связи с чем совершенно необходимым является возбуждение гражданского дела и оказание Истцу содействия судом по истребованию необходимых доказательств, подтверждающих наличие имущества, которое может быть предметом раздела между супругами.

И только после выявления всего имущества, подлежащего разделу, у Истца появляется физическая возможность сформулировать своё требование о разделе каждого конкретного объекта и выразить своё мнение о возможности его совместного использования.

Таким образом на данной стадии сформулировать требования иным образом не представляется возможным, в связи с чем опять же в тексте иска было специально указано:

«*Подача настоящего искового заявления не означает отказ Истца от права требования определения и разделения долей бывших супругов в других объектах совместно нажитого имущества и активах. Истец оставляет за собой права* **подать дополнение к настоящему иску по мере получения информации об имуществе, оформленном на Ответчика**, *которое находится как на территории Республики Казахстан, так и в других странах и является общим имуществом и должно быть разделено, как совместно нажитое.*»

При таких обстоятельствах требования Истца сформулированы максимально корректно, исходя из сложившейся ситуации.

Также следует обратить внимание на то, по какой причине Истец не ставит никаких конкретных требований в отношении квартиры и паркинга, оформленного на её имя.

Оба объекта недвижимости и так имеют совместную форму собственности и нет никакой необходимости признавать права собственности Истца на это имущество и определять его долю. Учитывая то, что Истец не знает позиции Ответчика по данным объектам и его видения того, как они должны быть поделены и как в дальнейшем должны быть использованы, Истец просил суд разделить это имущество, исходя из требований закона.

Кроме того, следует отметить, что сама форма искового заявления, его содержание и выбранная Истцом формулировка исковых требований в полной мере соответствует рекомендуемой Верховным судом Республики Казахстан форме иска о разделе

имущества, размещенной на официальном сайте Верховного суда Республики Казахстан в качестве образца.

Учитывая то, что судья Молдабаев Д. уже дважды выносил определения о возврате иска и каждый раз указывал разные причины для этого, с которыми Истец категорически не согласен, полагаем, что в третий раз рассматривать поступившие материалы и принимать решение по вопросу о принятии иска должен другой судья или сам председатель суда.

На основании изложенного, руководствуясь статьей 48 Гражданского процессуального кодекса, ПРОШУ:

Исковое заявление Карибжановой Махпал Канапиевны к Карибжанову Айдану Табонизовичу о разделе общего имущества супругов удовлетворить и произвести раздел общего имущества супругов.

Взыскать с Ответчика в пользу Истца понесённые по делу судебные расходы.

1. Определение Медеуского районного суда от 17 мая 2021 года;
2. Образец иска о разделе имущества супругов с сайта Верховного суда
3. Ответ НАО «Правительство для граждан» от 15 апреля 2021 года

18 мая 2021 года

От имени и в интересах Карибжановой М.К.,

Адвокат                                                              Е. Тихонов

**To Medeu District Court of Almaty city**

**Claimant: Makhpal Kanapiyevna Karibzhanova**
date of birth: 13 November 1974
place of residence: Apartment 3B,
212 Fifth Avenue, New York
IIN 741113400047
mobile number:
+1 917 420 1778
e-mail: m.karibjanova@gmail.com

**Representative: Yevgeny Sergeevich Tikhonov**
Attorney of the Almaty City Bar Association
address: Office 517, 86 Gogol Street, Almaty city
mob. +7 701 766 6766
e-mail: Yevgeniy.tikhonov@dynasty.kz

**Respondent: Aidan Taboniyazovich Karibzhanov**
date of birth: 10 October 1971
latest known place of residence:
85 Ospanov Street, City of Almaty
IIN 711010300312
mobile number: +7 705 111 4040
e-mail: karibjanov@gmail.com

Amount claimed: KZT 55,714,123

# AMENDMENT
# TO STATEMENT OF CLAIM
### (for the division of marital property)

Today, the Medeu District Court of Almaty city received the statement of claim filed by me on behalf of Makhpal Karibzhanova (the "Claimant") against Aidan Karibzhanov (the "Respondent") was registered.

Earlier, the similar claim was filed twice with the Medeu District Court of Almaty city, but was also twice returned by Judge Moldabayev.

First, it was returned by a ruling dated 6 May 2021, which stated, as grounds for return, that the statement of claim referred to the movable property appraisal report dated 26 December 2018, and, due to the fact that more than 6 months lapsed after the issuance of the report, Judge Moldabayev

doubted the accuracy of determination of the property market value indicated in the statement of claim and returned the claim.

On 10 May 2021, I refiled the statement of claim with exactly the same content having attached the Property Appraisal Report dated 10 May 2021.

On 17 May 2021, Judge Moldabayev returned the statement of claim for the second time, but having specified the different grounds for the return, namely that "*the claimant fails to detail her claims, the claimant does not specify in the operative part of the claim which property is exactly subject to division and the way by which such property should be divided*".

In this regard, it should be explained why we have chosen exactly such wording of the asserted claims.

The claims have been worded as follows:

"Uphold the statement of claim of Makhpal Karibzhanova against Aidan Karibzhanov for the division of their marital property and **divide the marital property**.

Collect from the Respondent the legal costs incurred by the Claimant in this case.".

The text of the claim itself contains the following:

"*A huge number of various property items had been acquired over the period of marriage. However, the Claimant is not currently aware of how and on whose name such community property was registered, where the property is currently located and by whom it is used or managed.*

*It should be noted that the property items were being purchased not only in Kazakhstan, but also in other countries. The Respondent himself was dealing with all issues related to monetary transactions and execution of documents pertaining to the purchased property.*

*The **information about other property items** to be divided, including the aggregate cost thereof, **should be subpoenaed from the Respondent**, since such information is not known to the Claimant at the moment of filing this claim.*".

It also contains the following petition:

"*Given that the Respondent does not wish to voluntarily provide the exhaustive information about property which should be subject to division due to the dissolution of marriage, and attempted to conceal such property, and, **pursuant to Article 73 of the Civil Procedure Code, we ask the court to assist in the collection of evidence** both within and outside the Republic of Kazakhstan, and to **issue subpoena to obtain information from the Respondent about all immovable and movable property purchased by him during marriage**, including the property purchased out of money that were their community property or out of proceeds from the sale of the property which was their community*

*property. Such subpoena should cover all marital property to be distributed, which is located either in the Republic of Kazakhstan or in other countries.*".

It is worth emphasizing that the Claimant, due to the restrictions established by the legislation of the Republic of Kazakhstan, is not able on to independently search assets owned by the Respondent.

The particulars of monetary funds on bank accounts, participation in foreign companies, tax returns, etc., constitute a secret protected by law, which may only be disclosed by the court order.

Therefore, it is of essence that the court initiate the civil proceedings and assist the Claimant in obtaining necessary evidence confirming the availability of property which may be subject to division between the spouses.

Only upon revealing all property to be divided, the Claimant will be physically able to lay down her claims concerning the division of a certain item and express her opinion as to the possible joint use.

It is not possible to lay down the claims otherwise at this stage, and therefore, the text of the claim specifically states the following:

"*The filing of this statement of claim does not imply the Claimant's waiver of her right to claim for the identification and division of the former spouses' shares in other items of marital property and assets.* ***The Claimant reserves the right to file an amended claim to this statement of claim as new information becomes available regarding any property registered in the name of the Respondent*** *and located either in the Republic of Kazakhstan or in other countries, which constitutes the marital property and is therefore subject to division*.".

Given the existing situation, the Claimant has correctly laid down her claims to the maximum possible extent in such circumstances.

We should also draw your attention to the reason, for which the Claimant does not bring specific claims towards the apartment and the parking lot registered in her name.

Both items of immovable property already have the joint form of ownership, and there is no need to admit the title of the Respondent to such property or to determine his share therein. Taking into account that the Claimant does not know the Respondent's position on those items and his view on how they should be divided and subsequently used, the Claimant asks the court to divide the said property in accordance with the law requirements.

We also note that the very form of the statement of claim, its content and the wording of claims chosen by the Claimant fully meets the form of a property division claim recommended by the Supreme Court of the Republic of Kazakhstan, posted as a sample at the official website of the Supreme Court of the Republic of Kazakhstan.

Given that Judge Moldabayev has for two times issued a ruling to return the claim having specified in each case different reasons, with which the Claimant absolutely disagrees, we believe that for the

third time, the examination of submitted materials and issuance of a decision on the acceptance of the claim should be made by another judge or by the presiding judge himself.

On the basis of the foregoing and in accordance with Article 48 of the Civil Procedure Code of the Republic of Kazakhstan, I ASK TO:

**Uphold the statement of claim of Makhpal Karibzhanova against Aidan Karibzhanov for the division of their marital property and divide the marital property.**

**Collect from the Respondent the legal costs incurred by the Claimant in this case.**

1. *Ruling of the Medeu District Court dated 17 May 2021;*
2. *Form of the marital property division claim from the website of the Supreme Court;*
3. *Response from Government for Citizens NJSC dated 15 April 2021*

18 May 2021

**For and on behalf of Ms Karibzhanova M.**

| | | |
|---|---|---|
| **Attorney** | <Signature> | **Y. Tikhonov** |