**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE APPLICATION OF MAKHPAL
KARIBZHANOVA FOR JUDICIAL
ASSISTANCE PURSUANT TO 28 U.S.C.
§ 1782

Case No.  21-mc-00442 (KPF)

ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF APPLICANT MAKHPAL KARIBZHANOVA'S MOTION TO SEAL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT..........................................................................................................................2

I.  LEGAL STANDARDS .....................................................................................................2

    A.  Standards Governing Access to Family and Matrimonial Court Records..........................2

    B.  The Court Should Not Countenance the Intentional Violation of New York
        State Laws, Rules, and Regulations...........................................................................4

    C.  Standards for Sealing Judicial Documents ................................................................4

II. THE EXHIBITS AND ALL REFERENCES THERETO IN THE DOCUMENTS
    SUPPORTING THE MOTION TO INTERVENE SHOULD BE SEALED............................5

    A.  The Exhibits.........................................................................................................5

    B.  The Exhibits Are Subject to the Protections of New York Law......................................6

    C.  The Documents Should be Sealed .............................................................................6

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Brown v. Maxwell*,
   929 F.3d 41 (2d Cir. 2019) ........................................................................................ 6

*CitiGroup, Inc. v. Abu Dhabi Inv. Authority*,
   2013 WL 6171315 (S.D.N.Y. Nov. 25, 2013) .......................................................... 7

*In re Accent Delight Int'l Ltd.*,
   2018 WL 2849724 (S.D.N.Y. June 11, 2018) .......................................................... 7

*In re Pishevar*,
   2020 WL 1862586 (S.D.N.Y. Apr. 14, 2020) ....................................................... 7, 9

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ...................................................................................... 4

*Mirlis v. Greer*,
   952 F.3d 51 (2d Cir. 2020) ........................................................................................ 5

*Nixon v. Warner Comms., Inc.*,
   435 U.S. 589 (1978) ................................................................................................... 8

*O'Reilly v. Klar*,
   167 A.D.3d 919 (2018) ............................................................................................. 9

*Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*,
   621 F. Supp. 2d 55 (S.D.N.Y. 2007) ........................................................................ 7

*United States v. Vinas.*,
   2017 WL 1969665 (E.D.N.Y. May 11, 2017) ........................................................... 8

*United States v. Amodeo*,
   44 F.3d 141 (2d Cir. 1995) ........................................................................................ 6

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995) .......................................................................... 4-5, 7-9

## STATUTES

22 NYCRR § 202.5 ......................................................................................................... 2-3

E-Government Act 2002, Pub. L. No. 107-347 .............................................................. 3-4

Family Court Act § 166 .................................................................................................. 2-3

New York Domestic Relations Law § 235 ........................................................................ 3

## RULES

Federal Rule of Civil Procedure 5.2(a) .............................................................................. 3

Applicant Makhpal Karibzhanova "Makhpal") respectfully submits this memorandum of law in support of her Motion to Seal Exhibits D and E ("Exhibits") and redact references to the Exhibits from Aidan Karibzhanov's Motion to Vacate Court Order Granting 28 U.S.C. § 1782 Application and to Quash Subpoenas ("Motion to Vacate") and his supporting Declaration.

## **PRELIMINARY STATEMENT**

Pending before this Court is Makhpal's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Application"), a proceeding seeking assistance to obtain discovery found in this Judicial District to assist her in locating marital assets, half of which are rightfully hers.  On August 2, 2021, mistakenly asserting that the Application's purpose was to threaten, intimidate, harass, smear, and embarrass him publicly (Motion to Vacate at 2-5, 8-9, 14-15, and 28-29; Declaration of Aidan Karibzhanov ("Aidan Decl.") ¶¶ 7-9, 11(a)), Aidan Karibzhanov ("Aidan") filed a motion asking the Court to take the extraordinary measure of vacating its Order granting Makhpal's Application ("June 15 Order").  The Exhibits, which contain contested, unredacted, non-public, and highly personal information, have nothing whatsoever to do with the Application or the Motion to Vacate.  The Exhibits were filed in flagrant violation of New York law not to aid this Court in its assessment of the Application, but as part of a personal vendetta.  Neither the Exhibits nor any references thereto should be public.

As an initial mater, the Exhibits contain confidential information subject to protections in various New York statutes, the rules of the Supreme Court of the State of New York for New York County and the Family Court of the State of New York for County of New York, as well as the Federal Rules of Civil Procedure and other federal laws adopted by this Court. Their public filing here is legally prohibited.

The relevant factors are that the filing violates the law of the State of New York.

The Exhibits are not at all relevant to the issues that are presently before this Court.  Any theoretical right of the public to access the Exhibits is, moreover, far outweighed by countervailing factors—here, the privacy interests of Makhpal and her family.  At most, the Exhibits are afforded little more than a prediction of public access absent a countervailing reason; more likely, they have nothing to do with this matter and lie entirely beyond the presumption's reach.  So, too, do the state's interest in ensuring that its laws are obeyed by those who come before its courts.

For these reasons, Makhpal respectfully requests an order sealing Exhibits D and E to Aidan's Declaration.  In addition, Makhpal requests to redact from Aidan's Declaration and the Motion to Vacate all quotes, descriptions, and references that otherwise disclose the content of the Exhibits.  The proposed redactions to Aidan's Declaration and the Motion to Vacate are attached as Exhibits 1 and 2 to the Declaration of A. Mackenna White in Support of Applicant Makhpal Karibzhanova's Motion to Seal.

## ARGUMENT

### I.    LEGAL STANDARDS

#### A.  Standards Governing Access to Family and Matrimonial Court Records

The Exhibits are records derived from two prior legal actions between Aidan and Makhpal in New York state courts, one in the Family Court in New York County and one in the Supreme Court in New York County.  Both are thoroughly protected by New York state law and the rules governing actions before those courts, as well as this one.

*Family Court Records.*  Records of proceedings held in Family Court are made private by the Family Court Act § 166, which states that "records of any proceeding in the family court shall not be open to indiscriminate public viewing."  Title 22 of the New York Codes, Rules, and

Regulations § 202.5 further directs that pleadings, legal papers, findings, decisions, orders, and the transcribed minutes of hearings in Family Court are private, and persons other than parties and select other individuals and agencies may not access the records absent an application to the Court. Permission to view the records is wholly within the discretion of the Family Court. Family Court Act § 166.

*Matrimonial Court Records.* Records in New York matrimonial actions are likewise made private by law. New York Domestic Relations Law § 235 states that such records may not be "taken by any other person than a party, or the attorney or counsel of a party, except by order of the court." According to the rules of the New York Supreme Court for New York County, First Judicial Department, records in divorce proceedings are sealed for 100 years.

*Personal Data Identifiers.* Regardless of the document a party seeks to file, federal law and the rules of this Court require that parties redact certain personal data identifiers prior to filing. Federal Rule of Civil Procedure 5.2(a) states that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." The E-Government Act 2002, Pub. L. No. 107-347 (as amended August 2, 2004) and the policy of the Judicial Conference of the United States also mandate that parties refrain from including personal data identifiers including the names of minor children and dates of birth. This Court incorporated the E-Government Act by Administrative Order 2004-09, which made compliance with the E-Government Act "mandatory" and "strictly enforced." Where a party

fails to adhere to the requirement, the Court may "strike the unredacted document from the record, or deny the relief sought."  *Id.*  "The responsibility for redacting these personal identifiers rests solely with counsel and the parties," and not the clerk of the court.  Guidelines for Compliance with the August 2, 2004 Amendments to the E-Government Act of 2002.

### B.  The Court Should Not Countenance the Intentional Violation of New York State Laws, Rules, and Regulations

New York State law, rules, and regulations forbid the use of Family Court complaints and divorce proceeding.  That should end the analysis.  Aidan is implicitly asking this Court to disregard the statutes and precedents of New York—which it should not do.  Whatever the merits might be in a different case, Aidan demonstrates no reason to ask this Court to disregard the laws of the State in which the proceeding is taking place.

### C.  Standards for Sealing Judicial Documents

While Second Circuit precedent acknowledges that the public has certain rights to access judicial proceedings, it recognizes that a court may seal or restrict the public's access when it is "essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).  Absent the State prohibition against the publication of Family Court and Supreme Court matrimonial proceedings, courts in this Circuit conduct a three-step analysis to determine whether documents should be filed under seal.  First, the court must determine whether the documents are "judicial documents" to which the presumption of access attaches.  *Id.* at 119.  Second, it must decide the weight to assign to the presumption along a "continuum of matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."  *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")).  Finally, the court must balance competing considerations," including "the privacy interests of those resisting disclosure."

*Amodeo II*, 71 F.3d at 1050.  "If, at the end of this process, the balance of the factors tips against permitting public access, then the court may deny disclosure."  *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

## II.    THE EXHIBITS AND ALL REFERENCES THERETO IN THE MOTION TO VACATE AND SUPPORTING DOCUMENTS SHOULD BE SEALED

### A.    The Exhibits

The Exhibits contain information and a hearing transcript concerning a family court and a matrimonial action that were litigated by Aidan and Makhpal in New York from 2017 to 2019. Specifically, Exhibit D is the Family Offence Petition filed by Aidan on August 30, 2017 in the Family Court of the State of New York, New York County concerning the wellbeing of their then-minor daughter ("Family Court Matter").  Exhibit E is a copy of the transcript of a hearing that took place on January 4, 2019 in the New York Supreme Court, New York County concerning both the matrimonial action filed by Makhpal on September 25, 2017 ("Matrimonial Proceeding") and the Family Court Proceeding.[1]

### B.    The Exhibits Are Subject to the Protections of New York Law

The Exhibits, however, are protected by numerous state and federal laws and the rules of the applicable courts.  Flouting these rules and protections, Aidan openly and publicly filed the Exhibits and unmistakably referenced them and their contents in his Declaration and the Motion to Vacate.  Aidan is legally prohibited from doing so.  The impact of permitting Aidan to publicly file the Exhibits is clear and reaches far beyond the instant Application.  Once public, the Exhibit's privacy will be lost forever.  Aidan, or anyone, will be entitled to use or disseminate them for any purpose, legitimate or otherwise, in perpetuity.  The publication of the

---

[1] On June 19, 2018, on consent of the Parties, Judge Laura Drager consolidated the Family Court Proceeding and the Matrimonial Proceeding in the Supreme Court of New York, New York County.

Exhibits would set a devastating precedent for any law-breaking party to a protected proceeding who would need only to concoct a faint connection to a public proceeding to publish documents and information that the legislature deliberately prohibited them from doing.  Simply, the laws and rules put in place by the State and courts of New York to protect these types of documents and information would become dead letter.  Makhpal respectfully asks that this Court not condone such actions and not to join within Aidan in his disregard for the laws of this state.

### C.     The Documents Should be Sealed

Addressing each step of the Second Circuit's three-part analysis, it is beyond dispute that the Exhibits should be sealed.

First, the Exhibits are not "judicial documents."  While they were submitted in connection with the Motion to Intervene, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."  *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*").  Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."  *Id.*  As explained by the Second Circuit, a "judicial document" must "reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers."  *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

Here, the Exhibits fall short of providing any such influence on this Court.  The Application seeks assistance in obtaining discovery regarding financial records leading to assets in which Makhpal has a legal interest.  Aidan, meanwhile, argues that he should be allowed to intervene in her request.  The Exhibits, which pertain to issues concerning the custody and welfare of Makhpal and Aidan's then-minor child, are wholly unrelated to either inquiry and,

thus, provide no value to this Court's resolution of the issues.  Accordingly, they do not carry a presumption of public access.  *See, e.g.*, *CitiGroup, Inc. v. Abu Dhabi Inv. Authority*, 2013 WL 6171315, at *6-7 (S.D.N.Y. Nov. 25, 2013) (documents "immaterial to the analysis and outcome" of court's order were not judicial documents); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 66 (S.D.N.Y. 2007) (documents improperly submitted on 12(b)(6) motion play no role in court's deliberations and "cannot qualify as judicial for presumption-of-access purposes").

Second, even if the Exhibits carry a presumption of public access— they do not— the weight of any such presumption is limited.  The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Amodeo II*, 71 F.3d at 1049.  "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."  *Id.* at 1050.  As explained above, the Exhibits' role in assessing Makhpal's Application and Aidan's ability to intervene in her request is not only negligible, but entirely irrelevant.  Far from tilting the scales, the weight of any presumption is minor.  *See, e.g.*, *In re Accent Delight Int'l Ltd.*, 2018 WL 2849724, at *7 (S.D.N.Y. June 11, 2018) (weight of presumption is "limited" where court did not reference or otherwise rely on sealed exhibits in assessing 1782 motion); *In re Pishevar*, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020) ("[Certain] documents were not relied upon by the Court in making its decision on the [1782] application, which weakens the presumption of public access.").

To support the misguided contention that the Exhibits have any bearing on the Application, Aidan argues that he was "forced" to submit the Exhibits as proof that he did not

purchase apartment 17C at 240 Riverside Boulevard in New York.  Aidan Decl. ¶ 11(e).  This is

a pretext manufactured for the occasion, as no such allegation has been asserted in this matter.[2]

Even if the Application did assert such ownership, the information contained in the Exhibits

would remain entirely irrelevant to the Motion to Vacate[3] — and is accorded very little, if any,

presumption of public access.

Third, and finally, when weighed against traditional[4] competing considerations—the

privacy interests of Makhpal and her family—the presumption of public access (if any) is

particularly unavailing.  *See U.S. v. Vinas.*, 2017 WL 1969665, at *2 (E.D.N.Y. May 11, 2017)

("The privacy interests of the person resisting disclosure can be sufficient to overcome the public

right of access."); *Amodeo II*, 71 F.3d at 1050 ("We have previously held that the privacy

interests of innocent third parties … should weight heavily in a court's balancing equation.  Such

interests … are a venerable common law exception to the presumption of access.") (internal

citations and quotations omitted).  "Courts have long declined to allow public access simply to

cater to a morbid craving for that which is sensational and impure."  *Amodeo II*, 71 F.3d at 1051

(internal quotations and citations omitted).  As the Supreme Court noted, courts should ensure

that their records are not "used to gratify private spite or promote public scandal" through, for

example, "the publication of the painful and sometimes disgusting details of a divorce case."

*Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).  Thus, "family affairs, illnesses,

---

[2] The Declaration of John Moscow states that "[o]n August 30, 2017, Aidan filed an affidavit in the Family Court of the State of New York in New York County affirming that he had an address in New York at 240 Riverside, 17C." (Moscow Decl. ❡ 20).  The Application and Makhpal's declaration, on the other hand, state that Aidan has financial ties to *an* apartment at 240 Riverside Boulevard.  (Application at 21-22; Makhpal Decl. ❡ 52).  Nowhere does Makhpal allege that those financial ties pertain to 17C.  Rather, the Application's allegations were made in reference to the combined units 6A, 6D, and 6E.
[3] Whether or not Mr. Karibzhanov has financial ties to any apartments at 240 Riverside Boulevard, as the Application asserts, is a question of fact that is not ripe for resolution by the Court at this stage
[4] The fact that New York forbids this use of the Exhibits is not "traditional" but it is determinative.

embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access…." *Amodeo II*, 71 F.3d at 1051.

Here, the Exhibits contain highly personal unverified information about not only Makhpal, but her daughter, who has not appeared in this proceeding.[5]  This information is, without a doubt, the type of "family matters" that the Second Circuit noted weigh more heavily against access.  *See, e.g.*, *O'Reilly v. Klar*, 167 A.D.3d 919, 920 (2018) ("[T]here is a compelling interest in maintaining the privacy interests of the parties to the previous matrimonial action and matters impacting the custody and welfare of their minor children.").  The Exhibits also contain unredacted personal data identifiers for Makhpal and her children that Aidan failed to redact.  Indeed, as discussed above, the laws of New York and the rules of its courts mandate against the disclosure of precisely the information Aidan made public when he filed the Exhibits.  Moreover, the Exhibits contain the type of "[r]aw, unverified information" that New York courts are cautious to publicly disclose.  *See Amodeo* II, 71 F.3d at 1051; *In re Pishevar*, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020) (documents containing "false details from an arrest" fall into category of documents worth protecting, namely "records used to gratify spite or promote scandal and files that might serve as reservoirs of libelous statements for press consumption").  Makhpal fervently denied the allegations filed by Aidan in Exhibit D and the action was withdrawn by the Court alongside the dismissal of the divorce proceeding.  Exhibit E at 13:11.

Particularly here where the interest in public disclosure is outweighed by the interests of the State of New York to ensure that its laws and rules are followed and respected by those who seek to avail themselves of its courts, the competing consideration at issue counsels strongly in

---

[5] Nothing filed in this proceeding suggests that Makhpal and Aiden's daughter consented to the exposure of her personal data identifiers or the alleged events that took place when she was a minor.

favor of sealing the Exhibits, as well as redacting all references thereto in Aidan's Declaration and the Motion to Vacate.

## <u>CONCLUSION</u>

For the reasons set forth herein, Applicant Makhpal Karibzhanova respectfully requests that the Court seal Exhibits D and E and direct counsel for Aidan Karibzhanov to redact the non-public information contained in the Memorandum of Law in Support of the Motion to Vacate Court Order Granting 28 U.S.C. § 1782 Application and to Quash Subpoenas (docket entry 10-1) and in the Declaration of Aidan Karibzhanov (docket entry 10-2), and re-file those documents.

Dated:  August 10, 2021

Respectfully submitted,

/s/ John W. Moscow
John W. Moscow
Adam S. Kaufmann
A. Mackenna White

LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
The Chrysler Building
405 Lexington Avenue – 64th Floor
New York, NY  10174
Tel: (212) 826-7001
Fax: (212) 826-7146
*john.moscow@lbkmlaw.com*
*adam.kaufmann@lbkmlaw.com*
*mackenna.white@lbkmlaw.com*