UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Application of Makhpal Karibzhanova for Judicial Assistance Pursuant to 28 U.S.C. § 1782* | Case No. 21-mc-00442-KPF |

# CORRECTED MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NON-PARTY VLADISLAV KIM TO INTERVENE AND <u>MODIFY BANK SUBPOENAS AND FOR PROTECTIVE ORDER</u>

 

**BAKER & MCKENZIE LLP**
L Andrew S. Riccio
Terence Gilroy
425 Fifth Avenue
New York, New York 10018
(212) 626-4100
Andrew.Riccio@bakermckenzie.com
Terence.Gilroy@bakermckenzie.com

*Attorneys for Movant Vladislav Kim*

**TABLE OF CONTENTS**

**Table of Contents** ................................................................................................................... i

**Table of Authorities** ............................................................................................................... ii

**I.**   **Background** ....................................................................................................................1

**II.**  **Argument** ........................................................................................................................4

      A.  Kim May Properly Intervene in this Action to Protect His Interests.....................4

      B.  The Bank Subpoenas Should be Modified ..............................................................7

      C.  The Court Should Issue a Protective Order Prohibiting Applicant from Obtaining and Using Information Related to the Subject Entities.........................8

**III.** **Conclusion** ....................................................................................................................10

**Certificate of Service**..............................................................................................................12

# **TABLE OF AUTHORITIES**

**Federal Cases**                                                                                          Page(s)

*In re Accent Delight Int'l Ltd.*,
   869 F.3d 121 (2d Cir. 2017) ................................................................................................ 10

*Barry's Cut Rate Stores, Inc. v. Visa, Inc.*,
   No. 05-MD-1720, 2021 U.S. Dist. LEXIS 120302 (E.D.N.Y. June 28, 2021) ...................... 7

*Broadcort Capital Corp. v. Flagler Secs., Inc.*,
   149 F.R.D. 626 (D. Col. 1993) .............................................................................................. 8

*Catskill Dev., L.L.C. v. Park Place Ent. Corp.*,
   206 F.R.D. 78 (S.D.N.Y. 2002) ............................................................................................. 5

*Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cty.*,
   101 F.R.D. 497 (E.D.N.Y. 1984) ........................................................................................... 5

*Degrafinreid v. Ricks*,
   417 F.Supp.2d 403 (S.D.N.Y. 2006) ..................................................................................... 6

*Hartford Fire Ins. Co. v. Mitlof*,
   193 F.R.D. 154 (S.D.N.Y. 2000) ........................................................................................... 5

*In re Hornbeam Corp.*,
   No. 14-mc-424, 2015 U.S. Dist. LEXIS 142361 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722
   F. App'x 7 (2d Cir. 2018)............................................................................................... 4, 6, 7

*In re Karibzhanova*,
   No. 1:21-mc-02056-RPK (E.D.N.Y. Aug. 10, 2021) ............................................................ 6

*Olin Corp. v. Lamorak Ins. Co.*,
   325 F.R.D. 85 (S.D.N.Y. 2018).............................................................................................. 5

*In re PaineWebber, Inc.*,
   117 F.R.D. 352 (S.D.N.Y. 1987) ........................................................................................... 9

*Pike Co. v. Universal Concrete Prods., Inc.*,
   284 F. Supp. 3d 376 (W.D.N.Y. 2018).................................................................................. 5

*Rosas v. Alice's Tea Cup, LLC*,
   127 F. Supp. 3d 4 (S.D.N.Y. 2015) .................................................................................... 8, 9

*In re Sarrio, S.A.*,
   119 F.3d 143 (2d Cir. 1997) .................................................................................................. 5

*Schmulovich v. 1161 Rt. 9 LLC*,
   2007 U.S. Dist. LEXIS 59705 (D.N.J. Aug. 15, 2007) ......................................................... 8

*Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*,
   No. 12-cv-00196, 2017 U.S. Dist. LEXIS 222869 (N.D.N.Y. Jan. 6, 2017) ......................... 7

**Federal Statutes**

28 U.S.C. § 1782 ............................................................................................................................ 1, 3, 10

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 24 ................................................................................................................................ 4, 6, 7

Fed. R. Civ. P. 26 .................................................................................................................................... 8, 10

Fed. R. Civ. P. 45(d)(3)(B) ........................................................................................................................ 8

Vladislav Kim ("**Kim**"), a non-party to the above-captioned application pursuant to 28 U.S.C. § 1782, by and through undersigned counsel, respectfully submits this Motion to Intervene and Modify Bank Subpoenas and for Protective Order, and in support thereof states as follows:

### I. BACKGROUND

1. On May 12, 2021, Applicant Makhpal Karibzhanova filed an *ex parte* application [DE 1] (the "***Application***") pursuant to 28 U.S.C. § 1782, seeking the appointment of Applicant's attorney, John W. Moscow ("***Moscow***") of Lewis Baach Kaufmann Middlemiss PLLC, to serve as "Commissioner" of the Court to issue subpoenas to obtain information for use in Applicant's prospective Kazakhstan marital dispute with her former husband, Aidan Karibzhanov ("***Aidan***"). *See* Appl.

2. In the Application, Applicant argued that "[a] great deal of Aidan's wealth is held in offshore structures and through nominee ownership around the world . . . ." *Id.*, at p. 2. Applicant also alleged that Aidan owned his interest in Visor, an investment firm, through nominees, including Kim. *Id*. at pp. 19-20; Makhpal Affidavit [DE 3], ¶ 44. There are no other allegations regarding Kim in the Application.

3. On June 15, 2021, the Court entered an order [DE 9] (the "***Order***") granting the Application and designating Moscow as "Commissioner" to issue subpoenas seeking, *inter alia*, "documents pertaining to companies and bank accounts associated with Aidan and his nominee owners[.]" Order at p. 7. Moscow appears to have interpreted this order to allow him to seek information regarding any person or entity that Moscow alone determines is a "nominee owner."

4. To that end, Moscow issued at least fourteen subpoenas to banks (the "**Bank Subpoenas**"), purportedly seeking information related to Aidan.[1] The Bank Subpoenas were identical and sought information related to correspondent bank transactions for specified bank accounts presumably related to Aidan and his entities. In addition, at the end of each Bank Subpoena in a section captioned "Additional Correspondent Records," Moscow sought "full SWIFT information data for transfers originating from or benefiting the following entities:" LAFONDA INVEST PTE. LTD. (Singapore); LAFONDA HOLDING PTE. LTD. (Singapore); LAFONDA LIMITED (Cyprus); NAVONO LIMITED (Cyprus); SIGIRIYA LTD (Belize); ENIGMA INVEST PTE. LTD. (Singapore); BERGUOLLA LIMITED (Cyprus); ARATAN CAPITAL PTE. LTD. (Singapore); and ALGARIA LIMITED (Cyprus) (collectively the "**Subject Entities**").[2] The "Additional Correspondent Records" section is at p. 4 of each Bank Subpoena. At no time did Moscow disclose to this Court that he would seek records related to the Subject Entities. *See generally*, Appl.

5. As set forth in the Affidavit of Vladislav Kim submitted contemporaneously herewith, the Subject Entities were at all times either directly owned by or beneficially owned for Kim. *See* Affidavit of Vladislav Kim, dated September 3, 2021, at ¶ 6. Kim is not and has never

---

[1] The recipient banks are Brown Brothers Harriman & Co.; Bank of America, N.A.; The Bank of New York Mellon; Citibank, N.A.; Commerzbank A.G.; Deutsche Trust Co Americas; HSBC Bank USA; JPMorgan Chase Bank, N.A.; Mashreqbank PSC; M & T Bank; Northern Trust Int'l Bkg Corp.; Standard Chartered Bank; UBS AG; and Wells Fargo Bank N.A. Thirteen of the Bank Subpoenas of which Kim is aware were recently filed as exhibits to the Declaration of Patrick D. Bonner, Jr. *See* [DE 23-5]. The fourteenth, directed at Mashreqbank PSC, is attached hereto as **Exhibit A**.

[2] Although the Bank Subpoenas seek records related to the Subject Entities, none of the Subject Entities were served with the Bank Subpoenas or provided with any notice thereof. Neither Kim nor the Subject Entities can speak to whether Moscow has, or will, issue additional subpoenas seeking further records related to the Subject Entities.

been a nominee for Aidan. *Id.*, ¶ 8. Further, Aidan has had no involvement with the Subject Entities (financially or otherwise), nor is he a direct or beneficial owner of any interests in the Subject Entities. *Id.* at ¶ 7.

6. Kim and Aidan were co-shareholders in an entity called Visor, along with other shareholders. *Id.* at ¶ 4. Kim owned his shares in Visor directly and only for his own benefit and interest. *Id.* On information and belief, Aidan likewise owned his shares directly and only for his own benefit and interest. *Id.*

7. Because Kim is not, nor has he ever been, a nominee for Aidan, the "Additional Correspondent Records" section on page 4 of each Bank Subpoena seeks information that is outside the scope of Moscow's subpoena power and irrelevant to the prospective Kazakh marital dispute that form the basis of the Application. As a result, the Additional Correspondent Records sought by the Bank Subpoenas are not reasonably calculated to lead to the discovery of evidence to be used in a foreign proceeding, and constitute an invasion of the right to privacy held by Kim and the Subject Entities. Moreover, because neither Kim nor the Subject Entities were served with the subpoenas, they could not have previously sought to protect their privacy interests.

8. Accordingly, Kim respectfully requests that the Court issue an order modifying the Bank Subpoenas to remove the "Additional Correspondent Records" section in order to protect Kim and the Subject Entities from such abuses of discovery. Further, the Subject Entities were not served with any of the Bank Subpoenas nor were they provided with notice of them. Thus, it is unclear to what extent their records have already been disclosed by the subpoenaed banks without the Subject Entities having had the opportunity to oppose or limit disclosure.[3] In the alternative, to

---

[3] It appears that Applicant may have already received some information in response to certain Bank Subpoenas. *See, e.g.*, Memorandum of Law In Support of Application For Judicial Assistance Pursuant to 28 U.S.C. § 1782, Case No. 1:21-mc-02056-RPK (E.D.N.Y.) [DE 3]

3

the extent that the banks have produced information related to the Subject Entities to Applicant or Moscow, Kim requests that a protective order be entered to prohibit Applicant's use of such information.

## II. ARGUMENT

### A. Kim May Properly Intervene in this Action to Protect His Interests.

9. Rule 24 permits a party to intervene in ongoing litigation as of right or by permission of the court. Fed. R. Civ. P. 24. Pursuant to Rule 24(a)(2), a Court "must permit" a party to intervene as of right to protect the movant's interest, while Rule 24(b)(1) provides that the court "may permit" a movant to intervene if the movant "has a claim or defense that shares with the main action a common question of law or fact." *Id*. Here, movant Kim has a particular interest in the information sought by Applicant as part of her relief sought in this action, and no other party will protect Kim's interests. Kim should, therefore, be permitted to intervene.

#### 1. Kim Is Entitled to Intervene as Matter of Right

10. Under controlling Second Circuit law, Kim is entitled to intervene in this action as a matter of right. To establish intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a), an applicant must (1) file a timely application; (2) show an interest in the action; (3) demonstrate that the interest may be impaired by the disposition of the action; and (4) show that the interest is not adequately protected by the parties to the action. *See In re Hornbeam Corp.*, No. 14 Misc. 424 (Part 1), 2015 U.S. Dist. LEXIS 142361, *6 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018).

---

("Based on what Applicant and Mr. Moscow have learned to date from the financial records produced pursuant to subpoenas issued in the Southern District, they reasonably believe that further investigation of Visor Group in Manhattan will reveal the present of relevant persons and records located in the Eastern District of New York.").

       *a. This Motion to Intervene is timely.*

11.     Here, there can be no dispute that Kim made a timely application to intervene in this action. As a non-party, Kim was not made aware of the Bank Subpoenas until August 15, 2021. *See* Kim Aff., at ¶ 3. Once Kim (a foreigner residing outside the U.S.) became aware of these proceedings, he immediately engaged counsel and filed this motion to modify the Bank Subpoenas and for a protective order. Courts have held that motions to intervene are timely even if filed months after the movant became aware of the action. *See Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000) (finding intervention timely when sought within three months of complaint); *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 88 (S.D.N.Y. 2018) (finding motion to intervene timely when filed within a few months after the filing of third-party claims for which movant would bear the financial burden); *Pike Co. v. Universal Concrete Prods., Inc.*, 284 F. Supp. 3d 376, 394-95 (W.D.N.Y. 2018) (collecting cases where motions to intervene were found to be timely when filed approximately five months after learning of the proceedings); *Citizens for an Orderly Energy Policy, Inc. v. Suffolk Cty.*, 101 F.R.D. 497, 501 (E.D.N.Y. 1984) (finding intervention timely, even if it could have been "brought on a bit earlier," because "the delay will not prejudice the existing parties to the action").

       *b. Kim has an interest in this action, which will be impaired by disclosure of confidential financial records that have no relation to Applicant's prospective foreign proceeding.*

12.     There can likewise be no dispute that Kim has amply shown his interest in the Application. As a preliminary matter, the Second Circuit has recognized that parties against whom requested information will be used may have standing to challenge the lawfulness of discovery orders directed to third parties. *In re Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997). Moreover, this Court has recognized that a non-subpoenaed party has a sufficient interest in its banking records to have standing to oppose a subpoena served on a third party. *See Catskill Dev., L.L.C. v. Park*

*Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002). Here, the Bank Subpoenas seek "full SWIFT information data for transfers originating from or benefiting" nine companies that were at all times either directly owned by or beneficially owned for Kim. Kim not only has an interest in this action because the Bank Subpoenas seek records related to his companies, but he also has an interest to assert his right to privacy over confidential financial records and to prevent their disclosure.

       *c.  No party to this action will adequately protect Kim's interests.*

13.    Finally, no party to this action would adequately protect Kim's interests. Because Applicant proceeded *ex parte*, she was initially the only party to this proceeding, and it is currently unknown whether the proposed subpoena recipients will undertake any effort to protect Kim's interests. Although Aidan has moved to intervene and quash the Bank Subpoenas, he has no business relationship with Kim or the Subject Entities and cannot adequately represent Kim's interests. In fact, in a related proceeding in the Eastern District of New York, Moscow has taken the position that Aidan does not have standing to protect the privacy interest of anyone but himself. *See* Opp. to Aidan Karibzhanov's Mot. To Intervene, ECF Doc. No. 6, pp. 5-6, *In re Karibzhanova*, No. 1:21-mc-02056-RPK (E.D.N.Y. Aug. 10, 2021). As a result, it is necessary that Kim be allowed to intervene to modify the Bank Subpoenas and seek a protective order for the records related to his companies.

14.    Kim, therefore, is entitled to intervene in this action as of right pursuant to Rule 24(a)(2).

      **2.  In the Alternative, Kim Should Be Permitted to Intervene under Rule 24(b)**

15.    Even if Kim is not entitled to intervene as of right, this Court should exercise its "broad discretion" to permit intervention under Rule 24(b). *In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 U.S. Dist. LEXIS 142361, at *6. Rule 24(b) "is to be liberally construed in favor of intervention." *Degrafinreid v. Ricks*, 417 F.Supp.2d 403, 407 (S.D.N.Y. 2006). In exercising its

6

discretion to determine whether an applicant is entitled to permissive intervention under Rule 24(b), a court considers the same factors as intervention as a matter of right, as well as whether the proposed intervention will unduly delay or prejudice the adjudication of the parties' rights. *In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 U.S. Dist. LEXIS 142361, at *6-7. Applicant will suffer no prejudice from permitting Kim to intervene and this intervention will not unduly delay adjudication of this action. For all these reasons, Kim's motion to intervene should be granted.

### 3. The Pleadings Requirement of Rule 24(c) Should be Waived.

16. Rule 24(c) provides that the motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Courts within the Second Circuit have held that Rule 24(c) permits a "degree of flexibility with technical requirements" and have dispensed with the pleading requirement when the proposed intervenor's position is "clearly articulated in [its] motion papers." *See, e.g.*, *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 12-CV-00196, 2017 WL 9400673, at *8 n.4 (N.D.N.Y. Jan. 6, 2017) (waiving the pleading requirement when the proposed intervenor sought to intervene "for the sole purpose of challenging the parties' motions to seal [their] summary judgment submissions") (quotations omitted); *see also Barry's Cut Rate Stores, Inc. v. Visa, Inc.*, No. 05-MD- 1720, 2021 WL 2646349, at *13 (E.D.N.Y. June 28, 2021) (collecting cases). Because Kim's position that the Bank Subpoenas should be modified and a protective order should be issued are clearly articulated herein, the pleading requirement should be waived.

### B. The Bank Subpoenas Should be Modified

17. Because the SWIFT data of the Subject Entities contains confidential business information that is irrelevant to Applicant's marital dispute, the Bank Subpoenas should be modified to prevent Applicant from obtaining any Additional Correspondent Records.

18.     Federal Rule of Civil Procedure 45(d)(3)(B) authorizes the court to modify a subpoena to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). Courts around the country agree that a non-party can be affected by a subpoena, even where the subpoena is directed at another non-party. *See Schmulovich v. 1161 Rt. 9 LLC*, 2007 U.S. Dist. LEXIS 59705, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007) (holding that personal rights claims with respect to bank accounts gave a party standing to challenge a nonparty subpoena upon financial institutions); *Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Col. 1993) (holding non-party movant had standing to move to quash or modify subpoena directed at another non-party).

19.     Kim is undoubtedly affected by the Bank Subpoenas because the subpoenas seek confidential SWIFT data related to bank transactions originating from or benefitting the Subject Entities—entities he owns or owned. Further, it is unnecessary for this confidential information to be disclosed to Applicant because it bears no relation to the prospective marital dispute between Applicant and Aidan. Accordingly, the Bank Subpoenas should be modified to prevent Applicant from obtaining any Additional Correspondent Records.

### C. The Court Should Issue a Protective Order Prohibiting Applicant from Obtaining and Using Information Related to the Subject Entities

20.     Under Rule 26(c), upon a showing of good cause, the court may issue a protective order where "justice requires to protect a . . . person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking disclosure must show that the evidence sought is relevant. *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015).

21. Here, any information concerning the Subject Entities produced in response to the Bank Subpoenas would shed no light on the value of the marital estate that will be the subject of the prospective foreign proceedings. *See* Appl., [DE 1] at p. 2 (explaining Applicant is seeking to document "the true value of the marital estate for the Kazakh court's benefit"). Such information, thus, bears no relevance to the prospective foreign proceeding. The Subject Entities are or were directly or beneficially owned by Kim, and could not possibly be considered to be assets of Aidan. *See* Kim Aff., at ¶ 6.

22. Indeed as set forth in the Kim Affidavit, each of the Subject Entities either were or are, directly owned by or beneficially owned for Kim, *id*., and the documents attached thereto demonstrating incorporation, ownership and dissolution of each Subject Entity.

23. Moreover, Aidan has not been involved with the Subject Entities in any capacity. Nor has Aidan ever been a direct or beneficial owner of any interests in the Subject Entities, further foreclosing the possibility that the Subject Entities have any impact on the value of the disputed marital estate. *Id*. at ¶ 7. Moreover, despite Applicant's claims to the contrary, Kim is not, nor has he ever been a nominee for Aidan. *Id*. at ¶ 8. Accordingly, records related to the Subject Entities are outside of the scope of the Court's grant of authority to Moscow and irrelevant to this action.

24. In light of these facts, information obtained by the Bank Subpoenas regarding the Subject Entities is entirely irrelevant to this matter, and if the Court were to allow the Additional Correspondent Records section of the Bank Subpoenas to stand, their only purpose would be to harass Kim, a non-party to this Application, and a non-party to any Kazakh marital dispute between Applicant and Aidan. *See In re PaineWebber, Inc.*, 117 F.R.D. 352 (S.D.N.Y. 1987) (granting non-party's motion for a protective order where discovery inquired into matters well outside the scope of underlying lawsuits and used to harass non-party).

25. Applicant presents no evidence that Kim has ever been involved in any scheme to help Aidan hide his true wealth, and Kim denies that he has ever served as a "nominee" on Aidan's behalf. *See* Kim Aff., at ¶ 8. Accordingly, there is good cause for the Court to issue a protective order for Subject Entities' records that have been subpoenaed by Moscow. *See* Proposed Protective Order, attached hereto as **Exhibit B**.

26. Further, because the return date of the Bank Subpoenas was July 9, 2021, it is possible that the recipient banks have already provided information regarding the Subject Entities to Moscow and Applicant. *See* Exhibit A, at p. 2. *See also*, Memorandum of Law In Support of Application For Judicial Assistance Pursuant to 28 U.S.C. § 1782, Case No. 1:21-mc-02056-RPK (E.D.N.Y.) [DE 3] ("Based on what Applicant and Mr. Moscow have learned to date from the financial records produced pursuant to subpoenas issued in the Southern District, they reasonably believe that further investigation of Visor Group in Manhattan will reveal the present of relevant persons and records located in the Eastern District of New York."). The Court should, therefore, exercise its discretion to prohibit Applicant from using any already obtained information regarding Kim or the Subject Entities in any proceeding, foreign or domestic. *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) (holding a district court can prohibit discovery obtained under Section 1782 with respect to one foreign proceeding from being used elsewhere); *see also* Fed. R. Civ. P. 26 (stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense) (emphasis added).

### III.   CONCLUSION

27. The Additional Correspondent Records sought in the Bank Subpoenas are clearly irrelevant to any action Applicant has or may commence for distribution of a marital estate. The Subject Entities and Kim simply have no connection to Applicant and Aidan's disputes. The

10

Additional Correspondent Records further constitute confidential information, the disclosure of which is unnecessary for Applicant's foreign proceeding or the instant action. Applicant, thus, should not enjoy the benefit of retaining improperly obtained confidential information for use in any proceedings.

WHEREFORE, non-party Vladislav Kim respectfully requests that the Court enter an order substantially in the form of the Proposed Protective Order attached hereto as Exhibit B, modifying the Bank Subpoenas to remove the Additional Correspondent Records section and protecting Kim by (1) prohibiting Applicant from obtaining information related to Kim and/or the Subject Entities; and (2) to the extent any information related to Kim and/or the Subject Entities has already been disclosed, prohibiting Applicant from using such information in this or any other proceeding, foreign or domestic.

Dated: September 7, 2021

Respectfully submitted,

/s/ L Andrew S. Riccio
L Andrew S. Riccio
Terence Gilroy
**BAKER & MCKENZIE LLP**
425 Fifth Avenue
New York, New York 10018
(212) 626-4100
Andrew.Riccio@bakermckenzie.com
Terence.Gilroy@bakermckenzie.com

*Attorneys for Vladislav Kim*

## CERTIFICATE OF SERVICE

On September 7, 2021, the undersigned, an attorney, hereby certifies that he caused a copy of the foregoing *Corrected Memorandum of Law in Support of the Motion of Non-Party Vladislav Kim to Intervene and Modify Bank Subpoenas and for Protective Order*, to be served on all counsel of record via the court's ECF system.

Dated: September 7, 2021      Respectfully submitted,

/*s*/ L Andrew S. Riccio
L Andrew S. Riccio