UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF MAKHPAL
KARIBZHANOVA FOR JUDICIAL
ASSISTANCE PURSUANT TO 28 U.S.C. §
1782

Case No. 21-mc-00442
ECF Case

### DECLARATION OF JOHN W. MOSCOW IN SUPPORT OF THE OPPOSITION TO VLADISLAV KIM'S MOTION TO INTERVENE AND MODIFY BANK SUBPOENAS AND FOR A PROTECTIVE ORDER

**JOHN W. MOSCOW** declares under penalty of perjury the following:

1.      I am an attorney licensed to practice law in the State of New York and am senior counsel in the law firm Lewis Baach Kaufmann Middlemiss PLLC ("LBKM").  LBKM is counsel to petitioner Makhpal Karibzhanova ("Makhpal").

2.      I make this declaration in support of Makhpal's Opposition to Vladislav Kim's ("Kim") Motion to Intervene in the underlying Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "Application") and to modify the bank subpoenas and for a protective order. I make the statements set forth herein based on public and non-public documents, including documents produced pursuant to subpoenas issued with the authority of this Court.

3.      I have been involved in the investigation, prosecution, and defense of matters involving the movement – licit and illicit – of assets and funds through international markets for more than 45 years.  From my experience, I recognize the techniques and methodologies used to anonymize or disguise ownership of funds. While these techniques are often associated with criminal investigations, i.e. money laundering, they are also employed with great frequency in the non-criminal realm. Many individuals and companies use these same techniques to engage in capital flight, avoid tax or customs duty, prevent expropriation, and to thwart of civil court

judgments. In addition, these techniques are used with great frequency in relation to divorce and hiding marital property.

4.      The bank records discussed below contain hallmarks of anonymization techniques in that they show large monetary transfers to and from shell companies in jurisdictions famous (or infamous) for their use in protecting and/or anonymizing the ownership of funds, and the companies lack any apparent business purpose. The transactions reflected in the bank records are the first steps in shedding light on how Aidan and his associates move millions of dollars around the world and, ultimately, proving the extent of Aidan and Makhpal's marital estate.  Asset tracing is a slow and tedious process wherein the layers of obfuscation are peeled back on step at a time. Here, the unpeeling has begun.

5.      The use of nominees is commonly used to obfuscate ownership.  The nominee's name goes on the official documents, and he serves as the putative owner – specifically to hide the true beneficial owner.  In any asset tracing assignment involving the use of nominees, the proof comes from following the money trail, not the names on the incorporation records.

## The Subpoenas

6.      On or around June 24, 2021, I caused a subpoena to be served upon Deutsche Bank Trust Co. Americas ("Deutsche Bank") seeking production of SWIFT information data for, inter alia, transfers originating from or benefiting the entities that Kim is believed to hold as nominee for Aidan ("Subject Entities").  ECF No. 45-5 at 57-67.

7.      On July 30, 2021, Deutsche Bank produced records ("Deutsche Bank Production") responsive to the subpoena. The Deutsche Bank Production, and noted public sources are the basis for the financial analysis herein.

8.    The Deutsche Bank Production largely corroborates the facts alleged in the Application and Makhpal's sworn testimony.

### Preliminary Analysis of the Deutsche Bank Production

9.    The Deutsche Bank Production reveals a strikingly heavy use of private banks associated with the protection of wealth for high-net worth individuals and numerous payments flowing to shell companies with no physical or internet presence, providing no known goods or services and located in offshore jurisdictions.

10.    I present below an analysis relating to one of the Subject Entities: Lafonda Invest Pte Ltd.("Lafonda Invest") and Lafonda Holding Pte Ltd ("Lafonda Holding") have since merged and are collectively refereed to here as "Lafonda."    Lafonda is named in the Deutsche Bank subpoena and is known to Makhpal to be associated with Aidan, specifically as an entity he controls through his nominee, Kim. The analysis is presented for the purpose of demonstrating to the Court that the information obtained from banks in this District is directly relevant to the search for Aidan's assets and the Kazakh marital estate proceeding.

### *Lafonda Invest/Lafonda Holding*

11.    LaFonda Invest and Lafonda are both Singaporean entities that send and receive funds through Deustche Bank's correspondent accounts. According to public filings of the London Stock Exchange, they are controlled by Kim.[1]

12.    While Lafonda is based in Singapore, the funds originated from EFG Bank & Trust (Bahamas), an arm of EFG Bank SA, which has been the subject of allegations of poor to nonexistent screening of large wire transfers.[2]

---

[1] https://www.kazminerals.com/media/4278/tr1-holding-in-company-vladislav-kim.pdf
[2] See https://www.ft.com/content/427f15d6-7f8e-11e8-bc55-50daf11b720d.

13.     According to the Deutsche Bank Production, from December 2018 to June 2019, Lafonda Invest paid over $26 million to a Kazakh company, Algorithm LLP ("Algorithm").   From 2016 - 2017, Lafonda Holding transferred over $60 million to Algorithm. In December 2015, it appears that Algorithm attempted to send another $40 million to Lafonda Holding, but the transaction appears to have been blocked for unknown reasons.

14.     One of the addresses listed in the Deutsche Bank Production for Algorithm is 77/7 Al-Farabi, 12th Floor, Almaty, Kazakhstan. This same address, 77/7 Al-Farabi, 12th Floor, is also utilized by another Kazakh company, Raynar Development ("Raynar").[3] On August 6, 2018, LaFonda Invest paid $1 million to Raynar Development, purportedly (according to the wire payment records) pursuant to a loan agreement.

15.     The Visor group of companies that was identified in the 1782 Application as a vehicle for the covert dispersion of the marital assets of Aidan and Makhpal is also located at this same address, according to records of a World Bank arbitral proceeding,[4] as is another Aidan-associated company identified in the 1782 Application, Skybridge Invest.[5]

16.     An initial review of the incorporation records of these companies indicates they are affiliated both by their physical location and by a network of overlapping shareholders and directors. The complex web of interrelated companies and directors begins to be revealed and clarified by the bank records obtained in this District.

17.     The owners and directors of record for Raynar and Algorithm are also affiliated in official corporate records in Kazakhstan with other companies identified in the Makhpal 1782

---

[3] https://wikicity.kz/kz/entity/160640017720
[4] https://www.italaw.com/sites/default/files/case-documents/italaw8549.pdf
[5] https://www.aix.kz/aix-members/skybridge-invest-jsc/

subpoenas as linked to Aidan. For example, the Raynar and Algorithm director Temirlan Omarzhanov is also a director of the Skybridge Invest JSC ("Skybridge").[6]

18.     The relationship of Lafonda to Aidan and his associates is also seen in a transfer from May 2018, wherein Lafonda Invest paid $10 million in a single transaction to Almex Plus, a Kazakhstan company reportedly controlled by Bolat Nazarbayev and Timur Kulibayev, respectively the youngest brother and son-in-law of former president Nursultan Nazarbayev.[7]

19.     A number of other companies appear in the Deutsche Bank Production that were previously identified in a March 23 preservation letter and in the subpoenas, including Berguolla Limited, Navono Limited, Aratan Capital, Bellarmine Finance SA. and Enigma Invest PTE.  The Deutsche Bank Production shows that Aratan Capital held accounts at CBH Compagnie Bancaire Helvetique (Geneva) and CBH Ltd. (Bahamas).  The CBH banks are owned and controlled by the Benhamou family.  Makhpal met personally with Simon Benhamou who told her that he is the private banker of Aidan. The bank records, obtained in this District, begin to peel back the layers of Aidan's hidden ownership and nominee structure.  The Deutsche Bank Production shows payments between Aratan Capital, Algorithm, and Skybridge totaling in excess of $10 million.

20.     According to the Deutsche Bank Production, the bank accounts of Raynar, Algorithm, and SkyBridge in Kazakhstan are at the Halyk Savings Bank of Kazakhstan, which is controlled by Timur Kulibayev and Dinara Kulibayeva, Nursultan Nazarbayev's son-in-law and daughter.[8] Tens of millions of dollars were transferred from Halyk through Deutsche Bank to the

---

[6] https://www.dnb.com/business-directory/company-profiles.algorithm_too.1c6b9acbdc1a702af30daf70d28f8d6f.html; https://kz.linkedin.com/in/temirlan-omarzhanov-82490919; https://www.signalhire.com/profiles/temirlan-omarzhanov

[7] *Kazakhstan in the Making: Legitimacy, Symbols, and Social Changes*, By Marlene Laruelle, p. 36. See also https://www.kazpravda.kz/en/news/society/forbes-kazakhstan-named-timur-kulibayev-businessman-of-the-year. See also, https://www.ft.com/content/2694cddf-33c0-40cc-bea6-23a20253df7d

[8] https://www.reuters.com/article/halyk-bank-bondholders-dividend/kazakhstans-halyk-bank-to-ask-bondholders-to-raise-dividend-cap-idUSL8N2AJ371

accounts of Lafonda Invest, Lafonda Holding, Lafonda Limited, Enigma Invest Pte. Ltd, Aratan

Capital Pte. Ltd., Aratan Management DMCC, Navono Limited, and Berguolla Limited.

21.     All of these records were found in this District, and all are relevant to Aidan's use

of nominees and his ownership and control of assets.

### Aidan and Kim's Additional Business Transactions

22.     Kim and Aidan's intermingled business dealings are not limited to the Subject

Entities.

23.     Kim is also the registered agent of Turkcell Iletisim Hizmetleri A.S. ("Turkcell"),

a mobile services company in Turkey.[9]   Turkcell is listed on the New York Stock Exchange

through American depository shares.[10]   According to SEC records, in 2007, Alfa Finance

Holdings, S.A. ("Alfa"), a Luxembourg liability company that owns telecom companies in Turkey,

entered into a deal with Visor to sell a stake in Turkcell.[11]   In December 2007, Alfa announced its

intention to seell a 50% stake in Alfa Telecom Turkey Ltd, which held a 13.2 % stake in Turkcell,

to Aidan and the Visor group. The purchase price was registered with the US Securities and

Exchange Commission for $20 million despite the market value of the shares being $1.6 billion.[12]

24.     In 2008, Alfa purchased shares in Nur-Telecom, a Kyrgyz telecom company,

alongside Visor.[13]  According to SEC filings. Visor is the owner of Nur-Telecom.[14]   It is unclear

if this deal with consummated.

25.     According to publicly available SEC records, in March 2009, Alfa sold a 13.2%

stake in Turkcell to Nadash International Holdings, Inc. ("Nadash"), an investment company

---

[9] https://www.sec.gov/Archives/edgar/data/1071321/000110465907091492/a07-32334_1sc13d.htm
[10] https://www.sec.gov/Archives/edgar/data/1071321/000110465906076166/a06-23502_2424b3.htm
[11] https://www.sec.gov/Archives/edgar/data/1071321/000110465907091492/a07-32334_1sc13d.htm
[12] https://www.sec.gov/Archives/edgar/data/1071321/000110465907091492/a07-32334_1sc13d.htm
[13] https://www.annualreports.com/HostedData/AnnualReportArchive/t/NYSE_TKC_2008.pdf
[14] https://www.sec.gov/Archives/edgar/data/1468091/000119312511178770/d20f.htm

formed in the BVI and controlled in part by Visor Group for $47 million.[15]   Nadash and Visor
share an address in the BVI.[16]   In July 2010, Nadash sold the shares back to Alfa for $51.52
million.[17]

### Kim's Confidential, Sealed Exhibits Are Publicly Available

26.     On September 5, 2021, Kim moved this Court for an order to file an affidavit and
seventy-seven documents under seal.  ECF No. 36.  He stated that the exhibits should be sealed
because the contain "sensitive business information," "personal information," and "other
confidential information." Id.

27.     In fact, most, it not all, of these documents are publicly available (some for a small
fee).  Generally speaking, incorporation records from Singapore and Cyprus are publicly available.
Belize corporate records (which applies only to Sigiriya Ltd.) are more difficult and may require
local sources.

### Other Relevant Proceedings

28.     As Kim's Declaration states, in 2017, Visor initiated arbitration proceedings against
the Republic of Uzbekistan.  The arbitration was filed by twelve partners in Visor:  Aidan
Karibzhanov, Vladislav Kim, Almas Chukin, Damir Karassayev, Nikolay Varenko, Pavel
Borissov, Aibar Burkitbayev, Lyazzat Daurenbekova, Adal Issabekov, Aigul Nurmakhanova,
Kairat Omarov, and Gulzhamash Zaitbekova ("Claimants").[18]  On March 8, 2017, the ICSID
released a public decision in the arbitration.[19]  (The filings underlying the decision are not publicly
available to my knowledge.)  The decision specifically addressed the complicated holding structure

---

[15] https://www.sec.gov/Archives/edgar/data/1071321/000119312517089488/d349357d20f.htm
[16] https://www.sec.gov/Archives/edgar/data/1071321/000110465907091492/a07-32334_1sc13d.htm
[17] https://www.sec.gov/Archives/edgar/data/1071321/000112329210000562/alfatele13d07072010.htm
[18] https://www.italaw.com/sites/default/files/case-documents/italaw8549.pdf
[19] *Id*. at 280

employed" by Kim, Aidan, and others who argued that they were the owners of the various entities involved at the different levels of the holding structure.  The decision made specific reference to the "oral trusts" entered into by the Claimants under Cypriot law.[20]

29.     All of the foregoing should demonstrate to the Court that this is not a so-called "fishing expedition." This is merely the first step in the long project of tracing assets, but it speaks to the emptiness of the assertions in the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 27, 2021

JOHN W. MOSCOW

---

[20] *Id.*