UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF MAKHPAL KARIBZHANOVA FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 | Case No. 21-mc-00442<br>ECF Case |

**PROTECTIVE ORDER AND ORDER FOR STAY OF PROCEEDINGS**

Applicant Makhpal Karibzhanova ("Makhpal" or "Applicant') and intervenors Aidan Karibzhanov ("Aidan"), Jasmin Karibzhanova ("Jasmin") and Vladislav Kim ("Kim" and collectively with Aidan and Jasmin, the "Intervenors") are parties in the case captioned *In re Application of Makhpal Karibzhanova for Judicial Assistance Pursuant to 28 U.S.C. § 1782*, Case No. 21-mc-00442 (the "Action"), pending in the United States District Court for the Southern District of New York (the "Court"). The Intervenors have motions pending before the Court to vacate the June 15, 2021 Order [ECF No. 9] (the "1782 Order"), quash and modify subpoenas, and for protective orders [ECF Nos. 10, 23, 39] (the "Motions"). While those Motions are pending, Applicant has agreed to the entry of this protective order and order for stay of proceedings ("Protective Order") governing discovery in the Action as set forth below,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Any and all documents, materials and information disclosed, produced or obtained in response to subpoenas issued by Mr. John Moscow ("Discovery Material"), including information actually contained in the Discovery Material or that may be directly derived therefrom, pursuant to the June 15, 2021 Order [ECF No. 9] (the "1782 Order") granting the Application of Makhpal Karibzhanova for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (the "Application") and appointing Mr. Moscow as "Commissioner" shall be governed by this Protective Order.

2. All Discovery Material shall be designated confidential and treated as non-public, confidential information.

3. Applicant shall not use, disclose to any person, file or otherwise make publicly available any Discovery Material, or any of the information contained therein or directly derived therefrom for any reason whatsoever.

4. Unless so ordered by the Court otherwise, Applicant shall not disclose the Discovery Material, or the information contained therein for any reason whatsoever except to Counsel for Applicant ("Counsel") in this Action and the employees of Counsel who have responsibility for this Action and act at the direction and under the supervision of Counsel ("Permitted Persons").

5. Any use or discussion of Discovery Material by Counsel or Permitted Persons for the purpose of litigating this Action shall not be deemed a violation of the terms of this Protective Order, provided however that such use or discussion occurs in a setting consistent with the maintenance of the confidential and non-public nature of such material and the terms of the Protective Order. Any other use of the Discovery Material for any other purpose by Counsel or Permitted Persons shall be deemed a violation of the terms of this Protective Order.

6. If Counsel or any Permitted Person learns that, by inadvertence or otherwise, they have disclosed Discovery Material to any person or in any circumstance not authorized under this Protective Order, they must within one business day of learning of the disclosure take the following actions: (a) notify all Intervenors of such disclosure; (b) use their best efforts to retrieve all unauthorized copies of the disclosed Discovery Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such

person or persons to both destroy the Discovery Material, and provide proof of such destruction to any Intervenor who claims an interest in the disclosed information.

7. The Court has not yet addressed the issue of whether the Discovery Material should be entitled to protection absent this Protective Order, and, therefore, nothing herein shall be construed or presented as a judicial determination that the Discovery Material is entitled to protection or status, by statute or otherwise, except as explicitly stated and intended by this Protective Order.

8. This Protective Order shall not be construed as a waiver of any claim of privilege with regard to the Discovery Material by either Applicant or any Intervenor.

9. This Protective Order shall be subject to modification only with Court approval upon motion of Applicant or any Intervenor, with notice provided to the non-moving parties.

10. For so long as this Protective Order remains effective, and until such time as the Court enters an order directing otherwise, Applicant shall cease issuing further subpoenas pursuant to the 1782 Order or enforcing any outstanding subpoenas previously issued pursuant to the 1782 Order, and, immediately upon entry of this Protective Order, Applicant shall advise in writing (with copy to undersigned counsel for the Intervenors) each of the recipients of any currently outstanding subpoenas that their obligation to respond thereto is stayed pending further notification (such further notification to include an order from the Court permitting Applicant to enforce already issued subpoenas).

11. Unless otherwise agreed upon by Applicant and all Intervenors or so ordered by this Court, this Protective Order shall remain in full force and effect until such time as the Court renders a final decision on the Motions.

Dated: December 10, 2021

Respectfully Submitted,

/s/
John W. Moscow
Adam S. Kaufmann
A. Mackenna White

LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
The Chrysler Building
405 Lexington Avenue – 64th Floor
New York, NY  10174
Tel: (212) 826-7001
Fax: (212) 826-7146
john.moscow@lbkmlaw.com
adam.kaufmann@lbkmlaw.com
mackenna.white@lbkmlaw.com

*Attorneys for Makhpal Karibzhanova*

```
This confidentiality agreement does not bind the Court or any
of its personnel.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 9(C) of this Court's
Individual Rules of Civil Procedure.
```

**SO ORDERED**:

DATED:  December 13, 2021
New York, New York

_____
UNITED STATES DISTRICT JUDGE
Katherine Polk Failla

4