# Exhibit S

**D&T Translations** – **Professional Translation Agency**

*(D&T Translations is a trade name of Global Hand Consulting LLC)*

**Tel** +1 (973)-358-7570 911 Memorial Drive, Belleville, NJ, 07109 (By appointment only, email for more details) www.dttranslations.com support@dttranslations.com




7599-21-00-2a/9565

**DECREE**

August 23, 2021 Almaty City

Judicial Collegium for Civil Cases of Almaty City Court chaired by Judge, S. S. Abdigalimov,

with the participation of the Plaintiff, M. K. Karibzhanova, representatives of the Plaintiff E. S. Tikhonov, I. E. Buyankina, representatives of the Defendant, M. A. Mostovich, B. A. Tukulov,

having considered in an open court session via mobile videoconferencing a civil case on the claim of Makhpal Kanapievna Karibzhanova against Aidan Taboniyazovich Karibzhanov on the division of the spouses' common property,

received on a private complaint of the Plaintiff against the ruling of the Medeusky District Court of Almaty City, dated June 23, 2021,

**DETERMINED:**

M. K. Karibzhanova filed a lawsuit against A. T. Karibzhanov on the division of the spouses' common property.

By the decree of the Medeusky District Court of Almaty City dated June 23, 2021, the claim was left without consideration. The Plaintiff was refunded from the local budget the state fee paid when filing the claim.

In a separate complaint, the Plaintiff asks to cancel the ruling that has taken place and to refer the case for consideration on the merits to the same court in a different composition, indicating that the court of first instance violated the rules of procedural law and the Plaintiff's right to judicial protection.

Response to the separate complaint was not provided by the Defendant.

Having heard the explanations of the Parties, having studied the case materials, having discussed the arguments of the separate complaint, the panel of judges concludes the following.

According to Part 1 of Article 413 of the Civil Procedure Code (hereinafter referred to as the CPC), when considering a case on appeal, the court verifies the legality and validity of the decree of the court of first instance in full.

By leaving the statement of claim without consideration, the court, guided by Subparagraph 1) of Article 279 of the Civil Procedure Code, considered that the Plaintiff did not comply with the procedure for pre-trial settlement of the dispute established by the agreement for this category of cases and the possibility of applying this procedure was not lost.

***/QR-Code/***
7599-21-3-2/9565

The document has been signed by S. S. Abdigalimov on 08.23.2021

**D&T Translations** – **Professional Translation Agency**

*(D&T Translations is a trade name of Global Hand Consulting LLC)*

**Tel** +1 (973)-358-7570 911 Memorial Drive, Belleville, NJ, 07109 (By appointment only, email for more details) www.dttranslations.com support@dttranslations.com




The court was also guided by Paragraph 4 of Article 279 of the Civil Procedure Code, in particular, the court substantiated its decree by the fact that by the decree of the Medeusky District Court of Almaty City dated May 6, 2021 and May 17, 2021, similar claims of the Plaintiff were returned, the Plaintiff appealed against these court decrees.

The panel considers the conclusions of the court to leave the claim without consideration partially justified.

By virtue of Paragraphs 2, 3 of Article 37 of the Code of the Republic of Kazakhstan "On Marriage (Matrimony) and Family," the common property of the spouses can be divided between the spouses by their agreement. The agreement on the division of the spouses' common property must be notarized.

In the event of a dispute, the division of the spouses' common property, as well as the determination of the spouses' shares in this property, are performed through mediation or in court.

The Plaintiff substantiates her complaint by the fact that after the dissolution of the marriage there is a dispute about the division of jointly acquired property between the former spouses.

The Defendant in 2018 was the first to file a claim for the division of property, when filing a claim, judge, mediator of the Medeusky District of Almaty City, K. M. Umbetalieva, conducted conciliation procedures; however, the Parties to this dispute did not reach an agreement on the settlement of the dispute through mediation. (Certificate dated January 3, 2018).

Currently, the Parties cannot conclude a mediation agreement on the division of property, thus she is forced to go to court with the specified claim.

In the course of consideration of the said claim, the representative of the Defendant, M. A. Mostovich filed a written motion to leave the claim without consideration for out-of-court settlement of the dispute. And also, on the grounds that at present there is a judicial act that has not entered into legal force on this dispute, which prevents the consideration of this claim.

By virtue of the requirement of Part 1 and Part 4 of Article 279 of the Civil Procedure Code of the Republic of Kazakhstan, the court leaves the statement of claim without consideration if:

the Plaintiff has not complied with the procedure for pre-trial settlement of the dispute established by law for this category of cases or the procedure for pre-trial settlement of the dispute provided for by the agreement and the possibility of applying this procedure has not been lost;

in the proceedings of this or another court or arbitration there is a previously initiated case on a dispute between the same Parties, on the same subject and on the same grounds;

***/QR-Code/***
7599-21-3-2/9565

The document has been signed by S. S. Abdigalimov on 08.23.2021

**D&T Translations – Professional Translation Agency**

*(D&T Translations is a trade name of Global Hand Consulting LLC)*

**Tel** +1 (973)-358-7570 911 Memorial Drive, Belleville, NJ, 07109 (By appointment only, email for more details) www.dttranslations.com support@dttranslations.com




The judicial board established that according to the claim of M. K. Karibzhanova against A. T. Karibzhanov on the division of property, it was accepted for court proceedings and a civil case was initiated on May 24, 2021, in which the proceedings in the case were ended by leaving the claim without consideration.

Previous claims of M. K. Karibzhanova against A. T. Karibzhanov on the division of property indicated in the decree of the court were not accepted for the proceedings of the court and civil cases were not initiated on them.

Thus, the conclusions of the court about leaving the claim without consideration, in accordance with Part 4 of Article 279 of the Civil Procedure Code of the Republic of Kazakhstan are not lawful.

The Plaintiff went to court with a claim, in view of the fact that there was a dispute between the Parties regarding jointly acquired property.

In accordance with Article 1 of the Law of the Republic of Kazakhstan "On Mediation," the scope of application of mediation are disputes (conflicts) arising from civil, labor, family, and other legal relations with the participation of individuals and (or) legal entities, as well as considered in the course of criminal proceedings in cases of criminal offenses, crimes of small and medium size, as well as serious crimes in cases provided for by Part Two of Article 68 of the Criminal Code of the Republic of Kazakhstan, unless otherwise established by the laws of the Republic of Kazakhstan, and relations arising in the execution of enforcement proceedings.

The mediation procedure does not apply to disputes (conflicts) arising from the relations specified in Paragraph 1 of this article, if such disputes (conflicts) affect or may affect the interests of third parties not participating in the mediation procedure, and persons recognized by the court as legally incompetent or with limited legal capacity.

In accordance with Part 6 of Article 8 of the Civil Procedure Code, if a law establishes or an agreement provides for a pre-trial procedure for resolving a dispute for a certain category of cases, an appeal to the court can be made after observing this procedure.

From the meaning of the abovementioned norm of procedural law, it follows that the pre-trial procedure for resolving a dispute is mandatory and the claim is not accepted by the court without following the procedure for pre-trial settlement of the dispute. Evidence of attempted settlement of the dispute by the Party must be attached to the statement of claim.

The Plaintiff did not submit to the court a written proposal to the Defendant to resolve the dispute by way of a mediation agreement, with the direction of the procedure for dividing the property specified in the claim.

Thus, in the opinion of the collegium, the Parties need, in accordance with Part 3 of Article 37 of the Code of the Republic of Kazakhstan "On Marriage (Matrimony) and Family," to resolve this dispute through mediation.

If the Defendant refuses to conclude a mediation agreement, the Plaintiff has the right to file a claim on the same subject and on the same grounds by attaching a written direction of pre-trial settlement in the procedure of mediation.

***/QR-Code/***
7599-21-3-2/9565

The document has been signed by S. S. Abdigalimov on 08.23.2021

**D&T Translations** – **Professional Translation Agency**

*(D&T Translations is a trade name of Global Hand Consulting LLC)*

**Tel** +1 (973)-358-7570 911 Memorial Drive, Belleville, NJ, 07109 (By appointment only, email for more details) www.dttranslations.com support@dttranslations.com




The arguments set out in the separate claim are not consistent and not related to this claim.

Based on the foregoing, the collegium considers that the determination of the Medeusky District Court of Almaty City dated June 23, 2021, on the basis of Part 1 of Article 279 of the Code of Civil Procedure should be left unchanged, the separate claim of the Plaintiff should be dismissed.

Guided by Subparagraph 1) of Part 6 of Article 429 of the Civil Procedure Code, the judicial board

**DETERMINED:**

To leave the determination of the Medeusky District Court of Almaty City dated June 23, 2021 in this case unchanged; not to satisfy the separate claim of the Plaintiff, M. K. Karibzhanova.

The Decree enters into force from the date of its announcement.

The Decree is final, it is not subject to appeal or protest in cassation order.

Judge S. S. Abdigalimov

The copy is correct:

Judge S. S. Abdigalimov

***/QR-Codes/***

7599-21-3-2/9565

The document has been signed by S. S. Abdigalimov on 08.23.2021

**D&T Translations – Professional Translation Agency**

*(D&T Translations is a trade name of Global Hand Consulting LLC)*

**Tel** +1 (973)-358-7570 911 Memorial Drive, Belleville, NJ, 07109 (By appointment only, email for more details) www.dttranslations.com support@dttranslations.com




# Certification of Translation Accuracy

D&T Translations, as a professional translation agency, certifies that a copy of a document entitled "DECREE" belonging to Makhpal Kanapievna Karibzhanova has been translated by our qualified contract translator who is fluent and competent to translate from Russian into English. In our best judgment, the translated text truly reflects the content, meaning, and style of the original text and constitutes in every respect a correct and true translation of the original document.

D&T Translations does not vouch for the authenticity of the aforementioned copy(ies) of the document(s) or statements contained therein. D&T Translations, including its translators and project managers, are not liable for any actions/losses taken by the holder of this translation.

Date: 12/02/2021

Signature:

Project Manager, Doniyor Askarov,
D&T Translations
Phone: +1 (973)-358-7570
Email: support@dttranslations.com
Address: 1110 Hamilton St., Belleville, NJ, 07109, USA.

