

John W. Moscow
212 822 0164
john.moscow@lbkmlaw.com

April 14, 2022

**VIA ECF**

The Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: *In Re Application of Makhpal Karibzhanova for Judicial Assistance Pursuant to 28 U.S.C. § 1782* (Case 1:21-mc-00442-KPF)

Your Honor:

    We represent applicant Makhpal Karibzhanova ("Applicant" or "Makhpal") in the above-referenced matter and write in response to the letter motion dated April 7, 2022 from counsel for intervenors Aidan Karibzhanov ("Aidan") and Jasmin Karibzhanov ("Jasmin") seeking termination of the 28 U.S.C. § 1782 commission and dismissal of the action. We respectfully oppose the application.

    We will not belabor the record with the procedural history or by repeating the arguments that have been made. We last appeared before the Court on December 6, 2021, pursuant to motions filed by Aidan and Jasmin, as well as Vladislav Kim, who also intervened in this matter. Subsequent to that conference, the Court entered an Order, dated December 13, 2021, granting a protective order and an order staying the proceeding.

    Aidan and Jasmin now renew their motion to dismiss, arguing that Makhpal has failed to litigate her case in Kazakhstan, and that even if she tried to do so, she would be time-barred from bringing her action. The Court may recall that whether Makhpal's case is time-barred was an issue of debate at the December 6, 2021 proceeding. Aidan and Jasmin argued then, and continue to argue now, that it is time-barred. Makhpal argued then, and continues to argue now, that the last order from a Kazakh court dismissing her claim instructed her to first seek mediation and then, if mediation proved unsuccessful, to re-file her claim.

    Since that date, Makhpal, through her counsel in Kazakhstan, Yevgeniy Tikhonov, has followed the Kazakh court's directive to seek mediation. As set forth in the attached declaration of Mr. Tikhonov ("Tikhonov Declaration"), Mr. Tikhonov has repeatedly notified Aidan and his Kazakh attorneys seeking to engage in mediation. Aidan and his counsel have not responded. Mr. Tikhonov's declaration details his good-faith efforts to seek mediation on behalf of Makhpal in accordance with the Kazakh court's order, and the simple refusal of Aidan to participate.



Attached to the Tikhonov Declaration are the letters, emails, delivery receipts, and mediation contracts demonstrating Mr. Tikhonov's efforts to advance the mediation ordered by the Kazakh court.

 On December 2, 2021, Mr. Tikhonov sent a letter via email to Aidan and his two Kazakh attorneys requesting that they engage in mediation and offering to let them choose any professional mediator in Kazakhstan. Tikhonov Declaration at ¶ 7. On December 3, 2021, he sent the same letter via the Kazakh equivalent of certified mail. *Id.* at ¶ 8. Receiving no reply, on December 23, 2021, Mr. Tikhonov sent a follow-up letter by email informing Aidan and his attorneys that because they had not replied, Mr. Tikhonov would move forward with the appointment of a mediator. In addition to the email, Mr. Tikhonov also sent WhatsApp messages. Still there was no reply to any of these attempts to confirm the mediation. *Id.* at ¶ 9. Mr. Tikhonov again followed up, on December 27, 2021, sending letters via certified mail to Aidan and his attorneys again setting forth his intent to move forward with mediation. *Id.* at ¶ 10.

 On January 18, 2022, Mr. Tikhonov retained the services of an official mediator, paid the required fees, and again sent notification to Aidan and his attorneys by letter and email. *Id.* at ¶¶ 11-12. On January 19, 2022, the mediator retained by Mr. Tikhonov sent letters to Aidan and his counsel notifying them of the mediation and proposing they start the mediation process. There were no replies. *Id.* at ¶ 13. On January 28, 2022, the mediator again sent notification letters via email to all three men proposing they start the mediation process. There were no replies. *Id.* at ¶ 14. On February 18, 2022, the mediator sent a WhatsApp message to one of Aidan's lawyers, Mr. Mostovich, with a proposal to start the mediation process. There was no reply. *Id.* at ¶ 15. On February 20, 2022, the mediator sent letters by email to Aidan and his two attorneys with a proposal to start the mediation process. *Id.* at ¶ 16. There were no replies. On April 12, 2022, the mediator notified Mr. Tikhonov that it would be impossible to conduct a mediation given the consistent failure of Aidan and his counsel to respond to any notifications. *Id.* at ¶ 17. Aidan's submission to this Court fails to mention these efforts.

 Given the foregoing, it is astonishing that Aidan now comes before this Court seeking dismissal of the § 1782 proceeding. As the affidavit of Mr. Tikhonov makes clear, Makhpal has fulfilled the condition precedent of the Kazakh courts and now has the right to bring her action for equitable distribution:

> Hence, at this moment the requirements given by decisions of the Almaty City Court regarding the necessity to conduct an official mediation procedure have been completely fulfilled, and in accordance with the decision of the Almaty City Court of August 23, 2021, Makhpal Karibzhanova now has the right to re-file a claim for the division of common property again (Exhibit S).

*Id.* at ¶ 19.



    Aidan sits in Kazakhstan, cloaked in the riches of his many privatization deals, confident that the Kazakh courts will continue to do his bidding, assured that his wealth, political connections, and power will allow him to prevail, and knowing that women have little ability to gain justice in the courts of Kazakhstan.  He may well be right.  If so, it will be clear that he lied to the New York Supreme Court when he assured that court that Makhpal had a right to equitable division as part of his efforts to secure dismissal of an action Makhpal brought in New York.  *See* December 6, 2021 letter to court (ECF No. 61).  But Makhpal is not nearly done fighting and will file her Kazakh action in the coming 90 days.

    For the foregoing reasons, we respectfully submit that Aidan's motion should be denied outright. If the Court is of a mind to keep an eye on this matter, we suggest an adjournment of six months to await results of the Kazakh action and we will undertake to update the Court upon receipt of news from that country.

    Respectfully submitted,

*/s/ John W. Moscow*

John W. Moscow

The Court is in receipt of Aidan Karibzhanov and Jasmin Karibzhanova's April 7, 2022 letter (Dkt. #70) and Applicant Makhpal Karibzhanova's above responsive letter.

Based on the representations made in Yevgeniy Tikhonov's declaration submitted in connection with Applicant's letter (Dkt. #73-1), the Court DENIES the request to terminate Mr. Moscow's commission and this case.

The Court is mindful that the foreign proceeding associated with an action brought under 28 U.S.C. § 1782 "must be within *reasonable* contemplation" such that "the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated." *Certain Funds, Accts. &/or Inv. Vehicles* v. *KPMG*, L.L.P., 798 F.3d 113, 123 (2d Cir. 2015). To that end, the Court expects Applicant to file her action within 90 days of today's date or promptly thereafter, as she has indicated she will in the above letter. The Court further ORDERS Applicant to submit a status update on or before **October 24, 2022**, confirming that the foreign action has been filed and providing an overview of its status. Applicant is warned that if she fails to file the foreign action, or the foreign court precludes her from filing the action or otherwise dismisses it, the Court is likely to terminate Mr. Moscow's commission and this case.

For the reasons stated above, this case shall remain STAYED pending further order of this Court. Additionally, the protective order entered on December 13, 2021, shall remain in effect. (Dkt. #67).

The Clerk of Court is directed to terminate the motion at docket entry 70.

Dated:   April 21, 2022          SO ORDERED.
         New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE