# MENZ BONNER KOMAR & KOENIGSBERG LLP

### ATTORNEYS AT LAW

**ONE NORTH LEXINGTON AVENUE, SUITE 1550**
TEL: (914) 949-0222          WHITE PLAINS, NEW YORK 10601          FAX: (914) 997-4117
www.mbkklaw.com

August 3, 2022

**VIA ECF & EMAIL**

Hon. Katherine Polk Failla
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



> Re: In re Application of Makhpal Karibzhanova for
> Judicial Assistance Pursuant to 28 U.S.C. § 1782
> Case No. 1:21-mc-00442-KPF

Dear Judge Failla:

We represent Mr. Aidan Karibzhanov ("Aidan") and Ms. Jasmin Karibzhanova ("Jasmin") in connection with the above-referenced proceeding. We write today in response to John Moscow's letter dated July 27, 2022 (the "July 27th Letter"), and to renew our request for the termination of Mr. Moscow's commission, which this Court granted in its June 15, 2021 Order. We are also providing the Court with a further Declaration of attorney Bakhyt Tukulov, Aidan's counsel in Kazakhstan, dated August 2, 2022 (the "Tukulov Declaration"), which details critical and updated information concerning the failure of Makhpal Karibzhanova ("Makhpal"), Aidan's ex-wife, to make any new filings in Kazakhstan for over ten (10) months.

Termination Of Commission

Regardless of whether Mr. Moscow should ever have been granted a commission pursuant to 28 U.S.C. § 1782, there can be no dispute that the commission must now be terminated. The facts are clear – the July 27th Letter, together with the Tukulov Declaration, reveal that the applicant Makhpal has no "pending" or "contemplated" foreign action, which is the *sine qua non* for an application for judicial assistance pursuant to 28 U.S.C. § 1782. An applicant for judicial assistance pursuant to 28 U.S.C. § 1782 must show that the proposed discovery is *"for use in a proceeding in a foreign or international tribunal."* Because there is no foreign proceeding, and no present intention to file such a proceeding, Mr. Moscow's commission must end immediately. In addition, Aidan requests that the Court issue an Order that (i) all entities and persons to whom subpoenas have issued be notified that their obligations with respect to the subpoenas have ceased, (ii) the documents Mr. Moscow has received pursuant to subpoenas, for which there is no proper use pursuant to 28 U.S.C. § 1782, be destroyed, and (iii) Mr. Moscow certify the destruction of those documents. Jasmin joins in these requests.

While Mr. Moscow's July 27th Letter is strewn with invective, unsupported allegations and misrepresentations, Mr. Moscow acknowledges that Makhpal did not file an action in Kazakhstan

Menz Bonner Komar & Koenigsberg LLP

Hon. Katherine Polk Failla
August 3, 2022
Page 2 of 3

within 90 days, despite representing in an April 14, 2022 letter that she would do so.[1] The Court relied on Mr. Moscow's representation in its April 21, 2022 Order denying Aidan and Jasmin's request for the termination of Mr. Moscow's commission:

> The Court is mindful that the foreign proceeding associated with an action brought under 28 U.S.C. § 1782 "must be within the *reasonable* contemplation" such that "the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated." *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2d Cir. 2015). **To that end, the Court expects Applicant to file her action within 90 days of today's date or promptly thereafter, as she has indicated she will in the above letter.**

Dkt. No. 74 (emphasis added). The Court further stated: "*Applicant is warned that if she fails to file the foreign action, or the foreign court precludes her from filing the action or otherwise dismisses it, the Court is likely to terminate Mr. Moscow's commission and this case.*" *Id.*

As set forth in the accompanying Tukulov Declaration, Makhpal has filed a total of three (3) claims seeking division of marital property following her divorce from Aidan. Tukulov Dec. ¶ 6. All of those claims were filed and dismissed in 2021. *Id.* ¶¶ 6-12. There have been no filings of any claims or appeals since September 28, 2021. *Id.* ¶ 9. Since the parties corresponded with this Court in April, Makhpal has not taken any action or filed any claims in Kazakhstan at all. *Id.* According to the July 27th Letter, she has no plans to do so, and the 90-day time period has expired. For this reason, Aidan respectfully requests that the Court terminate Mr. Moscow's commission.

In addition, by its terms, the Protective Order issued by the Court dated December 10, 2021, Dkt. No. 67, continues until the Court renders a final decision on the motions to vacate, quash and modify subpoenas, and for protective orders. We submit that because there is no foreign proceeding for which any discovery that Mr. Moscow has received to date can be used – the only purpose of the law that gave rise to Mr. Moscow's commission – resolution of the pending motions may best be accomplished by ordering that the documents Mr. Moscow has received in connection with his Commission be destroyed and that Mr. Moscow certify such destruction. Finally, Mr. Moscow should notify all subpoena recipients that their obligations with respect to the subpoenas have ceased and that the subpoenas are no longer valid.

<u>Response To Mr. Moscow's Character Attacks</u>

In Your Honor's Order of August 17, 2021, denying Makhpal's motion to seal, the Court admonished the parties to refrain from including extraneous and inflammatory information in their future submissions. Dkt. No. 19. This directive apparently fell on deaf ears. With apologies,

---

[1]     Specifically, Mr. Moscow stated in his April 14, 2022 opposition to Aidan and Jasmin's request for the termination of the Commission as follows: "*... Makhpal ... will file her Kazakh action in the coming 90 days.*" Makhpal Opp., Dkt. No. 73, at 3. However, there has been no such filing. *See* Tukulov Dec. ¶¶ 6-12.

MENZ BONNER KOMAR & KOENIGSBERG LLP

Hon. Katherine Polk Failla
August 3, 2022
Page 3 of 3

Aidan must address Mr. Moscow's latest and unnecessary assault on his character.

By way of reminder, this case began with a letter from Mr. Moscow's law firm to Aidan demanding over $300 million – to be paid within a matter of days – and threatening that the failure to make payment would result in Aidan reading about his "business dealings and personal escapades in the *New York Times*, the *Financial Times,* and the *Wall Street Journal.*"  Dkt. No. 10-4.  Aidan refused to submit to that threat and Mr. Moscow's firm filed its *ex parte* application for judicial assistance, replete with extraneous, unsupported and libelous allegations against Aidan. During these proceedings, we have vigorously denied those allegations.  Just to be clear, the allegations of Aidan's coordination with some "kleptocracy" and corrupt political system to defeat Makhpal's marital distribution claims are denied.

Moreover, it is worth noting that Mr. Moscow and Makhpal's character assassination was not limited to Aidan. They have also maligned a prominent businesswoman, Ms. Marie-Hélène Bérard, falsely claiming, among other things, that rather than being a respected business professional who is an independent director of companies because of merit, she is nothing more than a "nominee owner" and "proxy" for Aidan. Ms. Bérard has fully refuted those false statements. Dec. of Marie-Hélène Bérard, Dkt. No. 10-11.

Mr. Moscow presently claims, without support, that Aidan "refuses to abide by the law," but in fact it was Makhpal's Kazakh lawyers who failed to abide by the law by filing defective claims with essentially only days to spare before the expiration of the three-year statute of limitations for equitable distribution of property.  It is not Aidan's fault that any new claims are now time-barred. *See* Tukulov Dec. ¶¶ 6, 14.  Rather than take responsibility for their failed legal strategy, which included making threats instead of filing timely claims, they now claim that the fault lies with the Kazakh judicial system.  Although Mr. Moscow claims that Makhpal is "too afraid" to file because of "threats against her and those helping her," he fails to detail any such threats, which Aidan certainly denies.

With no foreign proceeding pending or contemplated in Kazakhstan, this Section 1782 proceeding, and Mr. Moscow's Commission, must be terminated, and the other relief requested herein regarding documentation received pursuant to subpoenas should be granted.

Respectfully submitted,

*s/ Patrick D. Bonner, Jr.*

Patrick D. Bonner, Jr.

The Court is in receipt of Applicant's letter dated July 27, 2022
(Dkt. #75) and Aidan Karibzhanov and Jasmin Karibzhanova's above
responsive letter.  For the reasons stated in the parties' letters,
the Court hereby TERMINATES the commission granted to Mr. Moscow in
the Court's Order dated June 15, 2021 (Dkt. #9).  The Court further
ORDERS that Mr. Moscow destroy all documents obtained in connection
with his commission and that he certify the destruction of these
documents in writing on or before **September 7, 2022.**  Lastly, the
Court ORDERS that Mr. Moscow notify all subpoena recipients that their
obligations with respect to the subpoenas issued in connection with
his commission have ceased and that the subpoenas are no longer valid.

The Clerk of Court is directed to terminate all pending motions and
adjourn all remaining dates.


Dated:   August 10, 2022             SO ORDERED.
         New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE